**Remole Soil Service, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Robert D. Benson, et al., Defendants. Robert Benson, Defendant-Appellant.**

**Gen. No. M–10,669.**

Fourth District.

April 12, 1966.

Walter R. Stewart and Philip C. Zimmerly, both of Champaign, for appellant.

■■■■■■■■■■■■■■

Gunn, Hickman & Kesler, of Danville (William R. Kesler, of counsel), for appellee.

SMITH, J.

Plaintiff, an Illinois corporation, obtained a judgment for $87.47 before a magistrate in the small claims division of the Champaign County Circuit Court. The suit was initiated and tried through several court appearances and to judgment by plaintiff's office manager, an unlicensed attorney. Defendant's motion to find the plaintiff and its office manager in contempt of court for practicing law without a license was denied by an associate circuit judge after hearing on affidavit, counteraffidavit and argument. The counteraffidavit of the office manager asserted that he is not a licensed attorney; does not hold himself out to be such; does not solicit legal business in any manner, shape or form; and that his actions in the case were merely as an employee of the plaintiff seeking to assert its claim against the defendant under the small claims provisions of the Illinois law.

By its motion in arrest of judgment, the defendant contends that a corporation cannot practice law, cannot appear in a court of record except through a licensed attorney, and that the instant judgment is thus a nullity and void. Plaintiff replies that the small claims practice is a substitute for the former justice of the peace practice where an agent could appear for others without qualifying as a licensed attorney; that it is neither practical nor economical to employ an attorney on small claims and to require it is to close our courts to corporations on claims under $200 and to leave them open to the individual citizen to prosecute or defend his own suit pro se.

■ The precise question before us appears to be a matter of first impression since the adoption and implementation of the new judicial article. The area of our jurisdiction is narrowly confined. The license to

236

practice law is a privilege granted only by the Supreme Court and can only be delimited, restricted or taken away by that court or by statutory enactment. People ex rel. Andrews v. Hassakis, 6 Ill2d 463, 129 NE2d 9. As early as 1878, it was judicially determined that laymen might appear as agents for a party in justice of the peace courts. McLaughlin v. Gilmore, 1 Ill App 563. This principle was reiterated in People v. Hubbard, 313 Ill 346, 145 NE 93, but it was pointed out that such service was rendered as an agent only and not as an attorney at law and that such service for another could not be rendered in a court of record without a license to practice law. In so holding, the court merely enforced the then existing statute that no person without a license to practice law could "commence, conduct or defend any action, suit or plaint, in which he is not a party concerned, in any court of record within this state. . . ." Revised Statutes of 1874, p 169, SHA, ch 13, sec 1, Historical Note. Plaintiff suggests that the prosecution of small claims in circuit court is but a reincarnation of or a substitute for the justice of the peace practice and that the application of the principles just stated solves the problem. As we see it, the answer is not that simple.

To the statute quoted above, in 1917 the legislature added the words "in any county or probate court, or" just preceding the words "in any court of record, within this State, . . ." In 1959, all of these words were eliminated and the statute then and now reads: "No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State." Ill Rev Stats 1965, ch 13, sec 1. The statute appears to be straightforward and unequivocal whether applied to the practice of law in or out of court and without regard to distinctions between courts. It thus seems that the legislature spoke some years before the adoption of the judicial article and the rationale of

McLaughlin and Hubbard has now been effectively laid to rest by legislative interment.

 It is more than a play on words to say that soulless corporations function only through living souls. With certain exceptions not present here, corporations are prohibited from the practice of law generally. Ill Rev Stats 1965, c 32, ¶ 411. The prohibition is not escaped even though the officer, trustee, agent, or employee acting for the corporation is a duly licensed attorney at law. Ill Rev Stats 1965, ch 32, ¶ 414. It seems scarcely debatable that business corporations cannot engage in the practice of law for others. Paragraph four hundred and fifteen of the same statute reads in part that "Nothing contained in this act shall prohibit a corporation from employing an attorney or attorneys in and about its own immediate affairs or in any litigation to which it is or may be a party. . . ." This proviso is pregnant with the thought that in litigated matters to which it is a party, it may only appear by licensed attorneys. Further credence is given to this conclusion by the provisions of ch 13, ¶ 11, Ill Rev Stats 1965, which reads in part: "Plaintiffs shall have the liberty of prosecuting, and defendants of defending *in their proper persons.* . . ." This provision never has been nor do we think it reasonably could be construed to include inanimate corporate entities. It would seem to us that the legislature has quite clearly placed individuals and corporations in entirely different categories in using our courts for the prosecution or defense of their own affairs. Where plaintiff, a layman, owned all the stock in a corporation, was its manager, and had an assignment of one of its accounts for a recited $1 and other good and valuable consideration, plaintiff's suit as assignee in which he sought to represent himself was dismissed by the trial court and its action affirmed by the Appellate Court. That court held that an assignment could not be used

238

as a subterfuge to enable a layman to practice law and that plaintiff's action did not bring him within the exceptions to the statute prohibiting the practice of law without a license which permits plaintiffs and defendants to prosecute and defend in their own proper person. Biggs v. Schwalge, 341 Ill App 268, 93 NE2d 87. We conclude, therefore, that "a party to an action may appear in his own proper person or by attorney, unless the party is a corporation, in which case it may appear only by attorney." 7 Am Jur2d ¶ 6. It is clear that the office manager was engaged in the practice of law. We find nothing in the statutes, case law, or Supreme Court Rules which directly or by reasonable implication permits a business corporation to prosecute or defend its own suits in our courts, on any level except through a licensed attorney. It necessarily follows that the plaintiff and its sales manager are in technical contempt of court.

■ We have already noted in Biggs that the First District Appellate Court affirmed the action of the trial court in dismissing the suit prosecuted by a layman where the real party in interest was a nonparty corporation. This seems to be in accord with the practice where the issue has arisen in other jurisdictions. "Proceedings in a suit by a person not entitled to practice are a nullity, and the suit may be dismissed. If the cause has proceeded to judgment, the judgment is void and will be reversed." 7 CJS, Attorney and Client, sec 16b.

In Bennie v. Triangle Ranch Co., 216 P 718, 719 (Colo, 1923), it is stated:

> " 'It follows that the proceedings were instituted and prosecuted without authority and in violation of law, and the judgment resulting from such proceedings is void. Newburger v. Campbell, 9 Daly (NY) 102; Kaplan v. Berman, 37 Misc Rep 502, 75 NYS 1002. . . .' "

239

· Accordingly, the judgment of the trial court is· reversed and remanded with directions to vacate the judgment and dismiss the suit at plaintiff's cost. In view of this result and this record, we do not deem it necessary to direct the trial court to reconsider the petition to find plaintiff and its manager in contempt nor to direct the imposition of punishment for contempt.

Reversed and remanded with directions.

TRAPP, P. J. and CRAVEN, J., concur.