Tom Edwards Chevrolet, Inc., Plaintiff-Appellee, *v.* Air-Cel, Inc., Defendant-Appellant.

(No. 72-71; ▮▮▮▮▮▮

Second District—August 8, 1973.

Frederick M. Tyson, of Hinsdale, for appellant.

Marvin C. Facktor, of Du Page County Bar Association, *amicus curiae*.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Plaintiff filed a small claim complaint in Du Page County circuit court for $119.43 for repair work performed by the plaintiff. Defendant corporation, by F. M. Tyson, filed a jury demand and a motion to allow representation of defendant by "Frederick M. Tyson, its president and minority stockholder," who is not licensed to practice law. The trial court denied the motion and after striking the jury demand entered judgment against defendant for $119.43 and costs. Defendant appeals. Its notice of appeal is signed by Mr. Tyson and its brief in this court is signed "Air-Cel, Inc., Frederick M. Tyson, President." The Du Page County Bar Association joins as amicus curiae in plaintiff's brief in this court.

■■ Under Illinois law no person shall be permitted to practice law in this state without a license from the Illinois Supreme Court (Ill. Rev. Stat. 1969, ch. 13, par. 1). Mr. Tyson had no such license. When one appears in court representing one of the parties, counsels and advises with such party and drafts pleadings, both in the trial court and in this court, and assumes the general control of the action, he is practicing law. *People ex rel. Chicago Bar Association v. Tinkoff* (1948), 399 Ill. 282, 288, 77 N.E.2d 693, *cert. denied* 334 U.S. 833, 92 L.Ed 1760, *reh. denied* 334 U.S. 862, 92 L.Ed 1782.

"That the States have broad power to regulate the practice of law is of course, beyond question." (*United Mine Workers of America v. Illinois State Bar Association* (1967), 389 U.S. 217, 222, 88 Sup.Ct. 353, 19 L.Ed.2d 426.) And "the equal protection clause of the U.S. Constitution does not mean that a State may not draw lines that treat one class of individuals or entities different from the other." *Lehnhausen v. Lakeshore Auto Parts Co.* (1973), (U.S.) 35 L.Ed. 351, 355, reversing and remanding *Lakeshore Auto Parts Co. v. Korzen* (1971) 49 Ill.2d 137, 273 N.E.2d 592.

■■ The permission granted by statute (Ill. Rev. Stat. 1969, ch. 13, par. 11) to prosecute and defend actions "in their proper persons" has never been, nor could it be, construed to include corporations, even in a small claims case. We agree with the statement of the court in citing 7 Am. Jur.2d Attorneys at Law, par. 6, in *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill.App.2d 234, 238, 215 N.E.2d 678, 681:

"\* \* \* We conclude, therefore, that 'a party to an action may

appear in his own proper person or by attorney, unless the party is a corporation, in which case it may appear only by attorney.'" See also *Nixon, Ellison & Co. v. S. W. Insurance Co.* (1868), 47 Ill. 444, 446, *Nispel v. Western U. R. Co.* (1872), 64 Ill. 311; 19 A.L.R.3d 1073, *et seq.*

The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.