AARROW AMBULANCE, Plaintiff-Appellee, *v.* DONALD DAVIS, JR., Defendant-Appellant.

(No. 73-128; )

Third District—January 11, 1974.

Kuhfuss & Kuhfuss, of Pekin, for appellant.

Dick L. Williams, of East Peoria, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, Donald Davis, Jr., appeals from an order entered in the Circuit Court of Tazewell County which denied his motion to expunge a judgment and quash a garnishment summons based thereon and which order further allowed an amendment more than a year after the original judgment was entered.

The original action was filed under the name of "Aarrow Ambulance" Plaintiff. One James C. Freehan signed the complaint. James C. Freehan is not a lawyer. Summons was served on defendant and on March 7,

1972 a default judgment was entered against defendant in favor of "Aarrow Ambulance".

On Feb. 22, 1973 defendant, by special appearance, moved to expunge the judgment from the record as void and also moved that intervening garnishment summons be quashed. At the hearing on the motion it was stipulated that the certified list showed no corporation named "Aarrow Ambulance" but did show one named "Aarrow Ambulance, Inc."

The court denied defendant's motion and granted a motion of Aarrow Ambulance Inc., filed instanter, by its attorney then in court for the first time, to amend the name of the Plaintiff in the pleadings and orders. in the cause to "Aarrow Ambulance, Inc."

■■ The appellant has fully perfected his appeal and complied with all the requirements of the rules of court. The plaintiff, Aarrow Ambulance, has not filed a brief in this court. This fact alone is sufficient to permit a reviewing court to summarily reverse the judgment of the trial court without a consideration of the cause on its merits. (*Village of Seaton v. Carlson*, 1 Ill.App.3d 759; 2 I.L.P. *Appeal and Error* § 560; 5 Am.Jur.2d *Appeal and Error* § 686.) Such failure or default on the part of appellee may be accepted and deemed to be a confession of the errors assigned by appellant. (*Briar Place Corp. v. Harman*, 46 Ill.App.2d 1.) And where no important principles or questions of law are involved this court has summarily reversed. (*City of Kankakee v. Young*, 122 Ill.App.2d 304.) It has been held that the rule that failure to file a brief is a confession of error will not be invoked unless the appellant's brief makes an apparent or prima facie showing of reversible error. *Ellet v. Ellet*, 137 Ind.App. 96, 205 N.E.2d 555. 5 C.J.S. *Appeal and Error* § 1314b.

■■ Any corporate proceeding in law brought by a layman is a nullity under the specific holding in *Remole Soil Service, Inc. v. Benson*, 68 Ill.App.2d 234. The court on page 239 stated, "We find nothing in the statutes, case law, or Supreme Court Rules which directly or by reasonable implication permits a business corporation to prosecute or defend its own suits in our courts, on any level except through a licensed attorney. * * * 'Proceedings in a suit by a person not entitled to practice are a nullity and the suit may be dismissed. If the cause has proceeded to judgment, the judgment is void and will be reversed.' 7 C.J.S. *Attorney and Client*, sec. 16b."

Further, in the recent case of *Alton Evening Telegraph v. Doak*, 11 Ill.App.3d 381, 296 N.E.2d 605, where the word "Go." was omitted the court held that the whole action failed.

■■ The amendment permitted by the trial court, changing the name of plaintiff in the pleadings and judgment were also beyond the powers

of the court, the judgment having been entered more than 30 days prior thereto. As frequently stated, the trial court loses its power to modify its judgment after 30 days from the rendition thereof except as to matters of form. *Fox v. Dept. of Revenue*, 34 Ill.2d 358, 360.

The defendants motion to expunge the judgment should have been allowed because a void judgment can be expunged at any time. 23 I.L.P. *Judgments* § 174.

For reasons stated herein the.judgment of the Circuit Court of Tazewell County will be reversed and the cause remanded with directions to the trial court to allow defendant's motion to expunge the original judgment and to quash the garnishment summons based thereon.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.