MARKEN REAL ESTATE & MANAGEMENT CORPORATION, Plaintiff-Appellee, *v.* JAMES ADAMS, Defendant-Appellant.

First District (5th Division)    No. 76-1610

Opinion filed December 30, 1977.

John Bouman, of Uptown Neighborhood Legal Services, of Chicago, for appellant.

Mitchell Edelson, Jr., of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from a judgment rendered in a distress for rent action awarding plaintiff $370 in damages and from an order denying defendant's motion for a rehearing. On appeal defendant contends: (1) that the action was initiated by plaintiff through a layman and therefore was a nullity, *ab initio*; and (2) that section 17 of "An Act to revise the law in relation to landlord and tenant" (hereinafter the "Distress for Rent Act") (Ill. Rev. Stat. 1975, ch. 80, par. 17) was violated by the filing of the distress warrant and inventory nine or ten court days after defendant's property was distrained. We reverse. The pertinent facts follow.

Defendant was in arrears with his rent during the summer of 1976. Plaintiff was defendant's landlord and on or about June 27, 1976, employees of plaintiff entered defendant's apartment and took his color television. On July 9, 1976, a document was filed with the trial court which

served as a complaint, a distress warrant and an inventory of the property seized. The complaint portion of this document was signed by Michael Hunt, an employee of plaintiff, and alleged a $370 arrearage. Hunt was not an attorney but the spaces in the complaint portion of the document which were reserved for an attorney's name, address and telephone number were nevertheless filled in with Hunt's name and plaintiff's address and telephone number. In addition, the words "Attorney for" were crossed out and the corresponding space was not filled in.

During a bench trial held on July 29, 1976, plaintiff's counsel requested leave to file his appearance in the case. Leave was granted over defendant's objection. Defendant then moved for dismissal on the grounds: (1) that the action was a nullity, *ab initio*, because it was initiated by plaintiff through a layman; and (2) that section 17 of the Distress for Rent Act was violated by the filing of the distress warrant and inventory nine or ten court days after the television was distrained. Both motions were denied and the court entered judgment for plaintiff on July 29, 1976, in the amount of the alleged arrearage. Thereafter defendant filed a written motion for a rehearing in which he requested reconsideration of his motions. Plaintiff filed an answer to the motion for a rehearing and a hearing on this motion was held on September 15, 1976. In an order entered that day the motion for a rehearing was denied. The instant appeal followed.

OPINION

■■ Defendant contends that the case at bar was commenced on plaintiff's behalf by a person who was not licensed to practice law and consequently it is a nullity, *ab initio*, because: (1) corporations are forbidden to practice law; and (2) a layman cannot practice law.

In connection with his premise that corporations are forbidden to practice law, defendant points to "An Act to prohibit corporations from practicing law, directly or indirectly * * *" (hereinafter the "Practice of Law by Corporations Act") (Ill. Rev. Stat. 1975, ch. 32, pars. 411 through 415). Section 1 of the Practice of Law by Corporations Act (Ill. Rev. Stat. 1975, ch. 32, par. 411) provides in pertinent part that it is unlawful for a corporation to practice law, to appear as an attorney at law for any reason in any court, or in any other manner to assume to be entitled to practice law. Section 5 of the Practice of Law by Corporations Act (Ill. Rev. Stat. 1975, ch. 32, par. 415) qualifies section 1 by providing that a corporation may employ an attorney in and about its own immediate affairs and in any litigation to which it is or may be a party. Defendant argues that plaintiff engaged in the practice of law or, at least, took the liberty of acting as though it was entitled to practice law, by filing the complaint with the name of its layman agent appearing in the space reserved for an attorney's

name, and with plaintiff's address and telephone number appearing in spaces reserved for an attorney's address and telephone number. According to defendant, the fact that Hunt did not enter his name on the "Attorney for" line and that these words were crossed out does not militate against defendant's position that the foregoing statutory provisions require the appearance of an attorney on the complaint.

In connection with his premise that laymen cannot practice law, defendant points to "An Act to revise the law in relation to attorneys and counselors" (hereinafter the "Attorneys and Counselors Act") (Ill. Rev. Stat. 1975, ch. 13, pars. 1 through 12). Section 1 of the Attorneys and Counselors Act (Ill. Rev. Stat. 1975, ch. 13, par. 1) provides in pertinent part that no person is permitted to practice as an attorney or counselor at law without a license. Section 11 of the Attorneys and Counselors Act (Ill. Rev. Stat. 1975, ch. 13, par. 11) qualifies section 1 by providing that plaintiffs can prosecute and defendants defend in their proper persons. This provision does not encompass the corporate plaintiff in the instant case, however. (See *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 238, 215 N.E.2d 678.) The only way plaintiff in this action could prosecute this action is through a licensed attorney. (See *Remole*, 68 Ill. App. 2d 234, 239, 215 N.E.2d 678.) Defendant argues that: (1) the case at bar was initiated when the document which served in part as a complaint was filed; (2) Hunt was not the plaintiff; (3) Hunt was not a licensed attorney; (4) yet Hunt signed the complaint and no attorney appeared on the complaint; therefore the instant action was brought by a layman and section 1 of the Attorneys and Counselors Act was violated.

In response, plaintiff points to: (1) section 16 of the Distress for Rent Act (Ill. Rev. Stat. 1975, ch. 80, par. 16), which provides that either the landlord, his agent or his attorney may seize the tenant's personal property; (2) section 17 of that Act (Ill. Rev. Stat. 1975, ch. 80, par. 17), which requires the party seizing the property to immediately file a copy of the distress warrant and an inventory of the property seized with the clerk of the court below; and (3) section 20 of the Act (Ill. Rev. Stat. 1975, ch. 80, par. 20), which provides that the plaintiff need not file a complaint as the distress warrant shall stand as a complaint. Plaintiff also points to *USA I Lehndorff Vermoegensverwaltung GmbH & Cie v. Cousins Club, Inc.* (1976), 64 Ill. 2d 11, 348 N.E.2d 831, in which the provisions of the Distress for Rent Act were briefly explained in the course of upholding the constitutionality of the Act. Plaintiff then argues that Hunt's signing of the distress warrant did not nullify the instant action because he followed the Distress for Rent Act to the letter when he seized the television and executed and filed the warrant and inventory. Plaintiff further argues that Hunt took every precaution against conveying the impression

that he was acting as an attorney by crossing out the phrase "Attorney for" on the printed form.

Plaintiff's argument ignores the fact that Hunt filed a printed form in the court below which, by its own terms, was·a combined distress warrant, inventory *and complaint*. The three portions of this form served different functions. Hunt did not sign the distress warrant portion of the form on the line provided in that portion for the landlord's signature. Thus it seems that the distress warrant was not properly executed. Hunt signed the complaint portion of the form, placed his name on a line reserved for an attorney's name and inserted plaintiff's address and telephone number where those of an attorney should have appeared. These observations cast some doubt upon the arguments that Hunt followed the statute to the letter and that Hunt took *every* precaution against conveying the impression that he was acting as an attorney. More importantly, where, as here, a combined distress warrant, inventory and complaint is filed, neither *Cousins Club* nor the Distress for Rent Act obviate defendant's objections that an attorney should have appeared on and signed the complaint. Because part of the form served as a complaint, it seems clear that a complaint was filed. It does not appear that a separate complaint was filed in *Cousins Club*, and section 20 of the Distress for Rent Act does not transform a distress warrant into a complaint where both a warrant and a complaint are filed. Defendant does not object to Hunt preparing the distress warrant and inventory, or to his action of transporting both to the court below and physically filing both with the clerk of the court below. Defendant argues that an attorney's name, address and telephone number should have appeared on the complaint portion of the printed form plaintiff filed and that an attorney should have signed that portion of the form. Plaintiff's response to these arguments is misplaced.

■■ We agree with defendant that an attorney should have appeared on the complaint portion of the form Hunt filed. In our view, the opposite conclusion would permit a corporate plaintiff to practice law through laymen agents in distress for rent actions in which a complaint is filed along with the warrant. The prohibition in section 1 of the Practice of Law by Corporations Act against a corporation practicing law or in some manner assuming to be entitled to practice law does not permit such a conclusion. (*Cf. Remole.*) That prohibition also does not differentiate between pretrial and trial practice. Hence the fact that plaintiff in the instant case was represented by counsel at trial does not militate against our conclusion. See *Aarrow Ambulance v. Davis* (1974), 16 Ill. App. 3d 318, 306 N.E.2d 363.

We note that we do not face a situation in which a layman agent of a corporate plaintiff seizes a tenant's personal property, prepares a distress

warrant and inventory, *signs* the warrant and files *only* the warrant and inventory. In such a situation it is clear that the warrant would stand as the complaint. We leave for another day the questions of whether, in such a situation, (1) an attorney's signature is required on the warrant, and (2) an attorney must appear on the warrant.

Because no attorney appeared on the complaint, we find that the Practice of Law by Corporations Act was violated. Where, as here, proceedings are instituted by a person not entitled to practice law, they are a nullity, and where, as here, the cause has proceeded to judgment, the judgment is void and will be reversed. (See *Remole.*) Accordingly, we reverse the judgment and order of the Circuit Court of Cook County. Because of our finding it is unnecessary to consider defendant's other contention.

Reversed.

SULLIVAN, P. J., and MEJDA, J., concur.