HOUSING AUTHORITY OF THE COUNTY OF COOK, Plaintiff-Appellee, *v.* MARGARITA R. TONSUL, Defendant-Appellant.

First District (2nd Division)   No. 82—2027

Opinion filed June 14, 1983.

DOWNING, P.J., dissenting.

Cook County Legal Assistance Foundation, Inc., of Chicago (Marilyn S. Rzasa, of counsel), for appellant.

Keck, Mahin & Cate, of Chicago (James T. Otis, James J. Casey, and A. Benjamin Goldgar, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Defendant Margarita Tonsul appeals from the judgment entered by the trial court in favor of plaintiff Cook County Housing Authority (CCHA) in this forcible entry and detainer action, contending that the judgment is void because CCHA's complaint was prepared, signed,

and filed by a nonattorney agent.

The complaint which commenced this action was filed on May 17, 1982. The complaint was signed by James A. Floyd in the space reserved for the attorney's signature. Floyd was not licensed to practice law in Illinois at that time. Next to the signature the word "attorney" was scratched out and the word "agent" put in its place, so that the signature line read "James A. Floyd, agent for plaintiff." A hearing was held on July 28, 1982, at which plaintiff's attorney requested and was allowed leave to file his appearance. Defendant filed a special appearance and moved to quash the service of summons on the grounds that plaintiff, as a municipal corporation, is not empowered to initiate litigation on its own behalf except through a licensed attorney, and that the signing of the complaint by a nonattorney rendered all subsequent proceedings in the case a nullity. The trial court denied the motion, and defendant elected not to contest the merits of the case. Judgment was entered for the plaintiff, with execution stayed under a use and occupancy bond during the pendency of this appeal.

■■■ It is well settled that section 11 of the attorneys and counselors act (Ill. Rev. Stat. 1981, ch. 13, par. 11), which allows parties litigant to prosecute and defend their actions "in their proper persons," in no way authorizes a corporation to appear in any proceeding in any court through an agent who is not a licensed attorney. (See *Aarrow Ambulance v. Davis* (1974), 16 Ill. App. 3d 318, 319, 306 N.E.2d 363; *Leonard v. Walsh* (1966), 73 Ill. App. 2d 45, 47, 220 N.E.2d 57; see, *e.g., Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 238-39, 215 N.E.2d 678.) Where a cause is prosecuted by a layman acting on behalf of a corporation, any proceedings in the case are a nullity and any judgment rendered therein is void. (See *Aarrow Ambulance; Remole.*) This strict rule operates to void the judgment even where the lay agent merely files the complaint over his own signature, and all subsequent court appearances are made by a duly licensed attorney. See *Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 428, 371 N.E.2d 1192.

Plaintiff advances several arguments as to why the judgment in the instant case is not rendered void by the fact the complaint was signed by a layman. The first is that Floyd, by filling out and signing the simple, two-paragraph form complaint for forcible entry and detainer was performing a simple ministerial task which required no legal knowledge or skill and which can not be considered to be practicing law. Our supreme court has defined the practice of law as " ' "the giving of advice or rendition of any sort of service *** when the giving of such advice or rendition of such service requires the use of any

degree of legal knowledge or skill." ' " (*People ex rel. Chicago Bar Association v. Barasch* (1950), 406 Ill. 253, 256, 94 N.E.2d 148.) The court has expressly stated that that definition "embraces the preparation of pleadings and other papers incident to actions and special proceedings." (*People ex rel. Courtney v. Association of Real Estate Taxpayers* (1933), 354 Ill. 102, 110, 187 N.E. 823.) In *Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 371 N.E.2d 1192, a layman agent of the plaintiff corporation filed a complaint for distress for rent, a distress warrant, and an inventory with his name entered in the space for the attorney's name. The court expressly did not decide whether the filing of the inventory and warrant constituted the unauthorized practice of law. The court held that the signing of the complaint by the nonattorney agent constituted the unauthorized practice of law and rendered the judgment entered in the plaintiff's favor void. 56 Ill. App. 3d 426, 429.

Plaintiff relies on *Chicago Bar Association v. Quinlan & Tyson, Inc.* (1966), 34 Ill. 2d 116, 214 N.E.2d 771, for the proposition that the simplicity of the complaint involved in this case takes the preparation of the complaint out of the realm of the practice of law. In that case, our supreme court held that a real estate broker is not engaged in the practice of law when he fills in the blanks on a standard form earnest money contract or offer to purchase form with information provided by the parties to the transaction, because the preparation of such a preliminary form is incidental to the broker's function and operates as his entitlement to his commission. (34 Ill. 2d 116, 121.) That holding, however, represents only a narrow exception to the broad rule enunciated in that case that real estate brokers are engaged in the unauthorized practice of law when they fill in the blanks on deeds, mortgages, and other legal instruments. (34 Ill. 2d 116, 122.) As to the defendant's argument that such instruments are so standardized that only ordinary business knowledge is required to complete them, the court stated:

> "Many aspects of law practice are conducted through the use of forms, and not all of the matters handled require extensive investigation of the law. But by his training the lawyer is equipped to recognize when this is and when it is not the case. Neither counsel nor *amici* have suggested any practicable way in which an exception to the general rule can be made where only the use of forms is involved, or where the transaction is a 'simple' one. Mere simplicity cannot be the basis for drawing boundaries to the practice of a profession." 34 Ill. 2d 116, 123.

Likewise, we reject plaintiff's argument that the simplicity of the

forcible entry and detainer complaint exempts Floyd's actions from the prohibition against the unauthorized practice of law.

The briefs of the parties contain extensive references and arguments concerning the application of the Practice of Law by Corporations Act (Ill. Rev. Stat. 1981, ch. 32, par. 411 *et seq.*) to this case. The cases cited above, however, construed the provisions of the attorneys and counselors act (Ill. Rev. Stat. 1981, ch. 13, par. 1 *et seq.*), and the holdings in those cases are dispositive of the issues in this case. The court in *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 215 N.E.2d 678, noted that section 1 of the Practice of Law by Corporations Act (Ill. Rev. Stat. 1981, ch. 32, par. 411), which forbids the practice of law by corporations, and section 5 of the act (Ill. Rev. Stat. 1981, ch. 32, par. 415), which authorizes corporations to employ attorneys to conduct litigation and other matters incidental to the corporation's business, evidences a strong legislative intent that corporations may not practice law except through a licensed attorney. (68 Ill. App. 2d 234, 238.) Plaintiff argues that the Practice of Law by Corporations Act should not be applied to municipal corporations, because although such corporations are not specifically exempted from the provisions of the Act (see Ill. Rev. Stat. 1981, ch. 32, par. 415), the distinctions between municipal corporations and business corporations are so great that a statutory provision which specifically applies to business corporations should not be construed to apply to municipal corporations absent a clear legislative intent.

Without addressing the question of whether the Practice of Law by Corporations Act applies to municipal corporations, we note that municipal corporations, like business corporations, can not be said to have the ability to appear in court "in their proper persons" as provided in section 11 of the attorneys and counselors act, and thus they can not be exempted from the provision of section 1 of that act that no person shall practice law in this State unless he is a duly licensed attorney. The issue in this case is not whether a municipal corporation may hold itself out as being entitled to practice law or whether it may practice law on its own behalf; the issue is whether such an entity may conduct legal proceedings through a layman agent. In this regard, the court in *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 215 N.E.2d 678, remarked that "[i]t is more than a play on words to say that soulless corporations function only through living souls." (68 Ill. App. 2d 234, 238.) Municipal corporations, like their business counterparts, are soulless and inanimate, and when an agent undertakes to practice law on behalf of such a principal, he must be licensed to do so.

For the reasons expressed herein, the judgment of the circuit court is reversed.

PERLIN, J., concurs.

PRESIDING JUSTICE DOWNING, dissenting:

As stated by the majority, "the issue is whether such an entity may conduct legal proceedings through a layman agent." I differ with the majority in the interpretation of "conduct legal proceedings." To reverse this case solely because the forcible detainer complaint was prepared, signed and filed by a nonattorney agent is an example where, in the administration of justice, we can be imprisoned in a straight jacket of archaic formalism. Defendant does not challenge the finding of the trial court. In fact, rather than meet the substantive charges head-on, defendant adopted a formalistic objection which the court approves.

Now the case must go back to square one and an attorney must sign the complaint. How is the administration of justice helped, in a case of this type, by the continued adherence to this antediluvian principle? What prejudice or damage is there to defendant by the fact that James A. Floyd signed the complaint on behalf of his employer as "Agent for plaintiff?" What prejudice or damage is there to defendant by the fact that the "Notice of Termination of Tenancy" attached to the complaint was signed for plaintiff "By James A. Floyd, Director of Management?"

The majority relies upon section 11 of the attorneys and counselors act (Ill. Rev. Stat. 1981, ch. 13, par. 11), the Practice of Law by Corporations Act (Ill. Rev. Stat. 1981, ch. 32, par. 411 *et seq.*), and numerous appellate court cases. The supreme court has not addressed this precise question. The appellate court apparently first addressed itself to this question in 1966 in *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 215 N.E.2d 678.

Plaintiff correctly relies on *Chicago Bar Association v. Quinlan & Tyson, Inc.* (1966), 34 Ill. 2d 116, 214 N.E.2d 771. As I read that case, the supreme court held that what was done by a real estate broker (completing blanks on a printed real estate contract) did not amount to the practice of law. Here, all agent Floyd did, on behalf of his employer, was fill in a printed form issued by the circuit court of Cook County (CCMD-21A) with the words hereafter underlined (the balance of the words are preprinted):

744

"Complaint

The plaintiff___claim__as follows:

1. The plaintiff _is_ entitled to the possession of the following described premises in the

   City of Evanston, Illinois.

   A dwelling consisting of Five (5) rooms with bath.

2. The defendant _is_ unlawfully withholding possession thereof from the plaintiff _____ The plaintiff____claim's possession of the property.

                         S/ James A. Floyd
                         Agent ~~Attorney~~ for plaintiff


Address and telephone 1314 Wentworth Ave. - Chicago Heights, Illinois - 757-7640

I, _____James A. Floyd_____ , on oath state that I am the _____Agent for_____ plaintiff in the above entitled action. The allegations in this complaint are true.

                         S/ James A. Floyd

Signed and sworn to before me

_____May 10_____, 19 _82

S/ Margaret T. Stoner
       Notary public"

Floyd never identified himself as an attorney. Floyd never appeared in court as an attorney. There is no claim that anyone other than an attorney ever appeared for plaintiff in court. Under these circumstances, I think the supreme court's position in *Quinlan & Tyson* should prevail. I do not think that Floyd's act constituted the practice of law, and if it did, certainly not the type of practice intended to be covered under either of the pertinent statutes. It is difficult to understand how the filling in of the blank spaces and words as underlined in the aforesaid illustration requires the skill peculiar to one trained and experienced in the law. Floyd, as plaintiff's agent, initiated legal proceedings, but did not conduct them.

Defendant does not point out how she was harmed by virtue of agent Floyd signing the complaint rather than an attorney. In fact, the "Notice of Termination of Tenancy" which was attached to the complaint was signed on behalf of plaintiff by Floyd as "Director of Management." Upon receipt of that notice, defendant requested a hearing, and the hearing officer ruled that the termination of defendant's lease was justified.

## II

Although not discussed in either the majority opinion or the parties' briefs, it might be noted that the issue here involves the operation of the court system and the interpretation of papers filed in the court. This brings into consideration the court's supervisory and administrative responsibility. The practice of law involves much more than the instant issue. When there is a question which involves the papers to be filed in a court proceeding, should not the determination of that question be left to judicial rules or discretion rather than to statutory mandate? (See *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602.) In the absence of a judicial rule (no supreme court rule covers this question), then I suggest judicial discretion should apply. In effect, the trial court's determination was the exercise of judicial discretion based on the record in this case and should be affirmed.

## III

As to whether the Practice of Law by Corporations Act applied to municipal corporations, it might be pertinent to note that said act is codified in chapter 32 of the Illinois Revised Statutes. Chapter 32 does not deal with municipal corporations, whereas chapter 24 (Ill. Rev. Stat. 1981, ch. 24) includes definitions of "municipal" (par. 1—1—2(1)) and "corporate authorities" (par. 1—1—2(2)), and provides for the incorporation of areas into municipalities. Plaintiff is a municipal

corporation (Ill. Rev. Stat. 1981, ch. 67½, par. 8). No one has pointed out any legislative intent to apply the Practice of Law by Corporations Act to municipal corporations. In *City of Webster Groves v. Smith* (1937), 340 Mo. 798, 800-01, 102 S.W.2d 618, 619, the Supreme Court of Missouri distinguished between a "corporation" and a "municipal corporation," holding that each term has a distinct and commonly accepted meaning. I suggest the same is true in Illinois.

The record in this case does not demonstrate any harm to defendant, or how she was prejudiced by the complaint filed in this case. I would affirm.