MIDWEST HOME SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* RIDGEWOOD, INC., Defendant-Appellant (R. J. Neubert and Associates *et al.*, Defendants-Appellees)—MIDWEST HOME SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* RONALD WILSON SMITH *et al.*, Defendants-Appellees (Ridgewood, Inc., Defendant-Appellant)—MIDWEST HOME SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* HOMER N. GOODSON *et al.*, Defendants-Appellees (Ridgewood, Inc., Defendant-Appellant; Joe David Church *et al.*, Defendants-Appellees).

Fifth District No. 82—603

Opinion filed May 2, 1984.

Herbert J. Lantz, Jr., of Sparta, for appellant.

Philip G. Feder, of Belleville, for appellee Midwest Home Savings and Loan Association.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Ridgewood, Inc., a Delaware corporation, appeals pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) from three separate decrees of foreclosure and sale entered by the circuit court of St. Clair County. On appeal, defendant contends that the trial court abused its discretion by denying defendant a continuance to allow defendant to obtain substitute counsel. Plaintiff, Midwest Home Savings and Loan Association, an Illinois corporation, filed a motion to strike defendant's notice of appeal and to dismiss the appeal on the grounds that defendant, a corporation, filed its notice of appeal in its own behalf without being represented by an attorney in violation of section 1 of "An Act to prohibit corporations from practicing law ***" (hereinafter the Practice of Law by Corporations Act) (Ill. Rev. Stat. 1981, ch. 32, par. 411). Defendant filed a timely objection thereto and in an order filed December 23, 1982, this court ordered that said motion be taken with the case.

The record indicates that plaintiff, Midwest Home Savings and Loan Association, commenced these foreclosure proceedings in the circuit court of St. Clair County on February 1, 1979. Over a year later, on February 6, 1980, the causes were assigned to Circuit Court Judge Thomas O'Donnell, and on February 20, 1980, by order of the trial court, the causes were set for hearing on March 31, 1980. On March 21, 1980, defendant, Ridgewood, Inc., moved to continue the hearings for 30 days in order to obtain substitute counsel. Prior to that time defendant had neither filed an answer nor otherwise entered its appearance in any of the proceedings. As best as can be determined from the record before us on appeal, up until the time of its motion for a continuance, defendant had engaged the services of attorney Edward Neville to conduct settlement negotiations. However, attorney Neville did not enter an appearance on behalf of the defendant. Defendant's motion for continuance was granted and the causes

were set for pretrial on April 18, 1980, and trial on April 23, 1980. Defendant filed its answer on April 15, 1980. Defendant's answer indicates that it was represented by attorney Edward O'Malley. On the date of the scheduled pretrial date, the trial was postponed until April 30, 1980. On April 25, 1980, plaintiff filed a motion for a continuance on grounds of illness in the plaintiff's attorney's family. The record on appeal contains no indication of whether or not this motion was ruled upon; however, plaintiff, in its brief, represents that a continuance was allowed. During the nearly two years which followed, very little court action on these causes appears to have transpired. On April 20, 1982, by order of the trial court, the causes were assigned to Judge Alvin Maeys, Jr., and the causes were set for pretrial on May 4, 1982. On the day of the scheduled pretrial, defendant moved for a continuance due to the illness of attorney O'Malley. The motion was granted and the pretrial was re-set for May 20, 1982, with trial set for May 25, 1982. On May 17, 1982, defendant filed a motion to stay the proceedings to allow settlement negotiations to take place. On May 20, 1982, defendant's attorney, Edward O'Malley, filed a motion to withdraw as counsel, alleging his continued illness. The motion to withdraw was granted that same day. The trial date of May 25, 1982, was not changed. On May 24, 1982, defendant, by "Donald J. Dougherty, Secretary of Ridgewood, Inc.," filed a motion for continuance in order to obtain new counsel. The motion was argued on May 25, 1982, attorney John O'Connell appearing at the hearing on behalf of the defendant. After hearing arguments of counsel for all parties present, the trial judge denied the motion. Immediately thereafter trial was held. Defendant did not appear and no attorney represented defendant at the trial. Decrees of foreclosure were subsequently entered on June 4, 1982. On July 6, 1982, defendant filed a motion to vacate signed by Donald J. Dougherty as secretary of Ridgewood, Inc. The proof of service was signed by Charles McMullin and John McMullin as attorneys for defendant. A hearing on that motion was held September 3, 1982. Robert Tansey, president of Ridgewood, Inc., was the only person to appear on behalf of the defendant at such hearing. The transcript of the hearing indicates that attorneys Charles McMullin and John McMullin previously had informed the trial judge of their intentions to withdraw from the causes. The motion to vacate was denied by the trial court in an order filed September 3, 1982. On September 17, 1982, attorneys Charles McMullin and John McMullin filed their motion to withdraw as counsel for defendant. The record on appeal does not indicate whether or not that motion was ruled upon. On October 4, 1982, defendant filed its notice of appeal in the circuit

court of St. Clair County. The notice of appeal, signed on behalf of the defendant by Donald J. Dougherty as secretary of Ridgewood, Inc., did not indicate that counsel represented defendant in the preparation and filing of the notice of appeal.

██ Plaintiff filed a motion to strike defendant's notice of appeal for failure of the corporate defendant to appear through a licensed attorney in violation of section 1 of the Practice of Law by Corporations Act (Ill. Rev. Stat. 1981, ch. 32, par. 411). Section 1 of the Practice of Law by Corporations Act provides in part that it is unlawful for a corporation to practice law, to appear as an attorney at law for any reason in any court; or in any other manner to assume to be entitled to practice law. Section 5 of the Act (Ill. Rev. Stat. 1981, ch. 32, par. 415) qualifies the foregoing by providing that a corporation may employ an attorney in and about its own immediate affairs and in any litigation to which it is or may be a party. Plaintiff refers us to numerous cases in which our courts, applying this law, have held that a corporation may not appear in court through any agent other than a licensed attorney. (*Aarrow Ambulance v. Davis* (1974), 16 Ill. App. 3d 318, 306 N.E.2d 363; *Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc.* (1973), 13 Ill. App. 3d 378, 300 N.E.2d 312; *Greer v. Ludwick* (1968), 100 Ill. App. 2d 27, 241 N.E.2d 4; *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 215 N.E.2d 678.) Plaintiff urges that the appearance of an attorney on the notice of appeal is required in the case at bar. We agree.

It is our conclusion that defendant may not file a valid notice of appeal in its own behalf without the advice and services of an attorney. An opposite conclusion would condone the unauthorized practice of law by a corporate litigant through layman agents, which was condemned in cases interpreting section 1 of the Practice of Law by Corporations Act.

In *Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 371 N.E.2d 1192, the court determined that a judgment entered in an action of distress for rent was void by virtue of the fact that the complaint was signed by a layman on behalf of the corporate plaintiff in violation of the Practice of Law by Corporations Act.

Defendant urges that Supreme Court Rule 303(c)(3) (87 Ill. 2d R. 303(c)(3)) does not require that it be represented by an attorney when filing a notice of appeal. A similar argument was rejected by the court in *Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc.* (1973), 13 Ill. App. 3d 378, 300 N.E.2d 312, where it was argued that a corporation may appear in court through its corporate officials by virtue of sec-

tion 11 of "An Act to revise the law in relation to attorneys and counselors" (Ill. Rev. Stat. 1975, ch. 13, par. 11), which provides that plaintiffs can prosecute and defendants can defend in their proper person. The court, citing *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 238, 215 N.E.2d 678, 681, held that a party to an action may appear in his own proper person or by an attorney, unless the party is a corporation, in which case it may appear only by a licensed attorney. (*Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc.* (1973), 13 Ill. App. 3d 378, 379, 300 N.E.2d 312, 313.) We conclude that although Supreme Court Rule 303(c)(3) does not expressly require that a licensed attorney appear on behalf of a corporate party in the preparation and filing of a notice of appeal, it does not permit a corporate litigant to avoid the prohibition contained in section 1 of the Practice of Law by Corporations Act.

The Illinois cases have held that where proceedings in a suit are instituted by a person not entitled to practice law, such proceedings are a nullity, and the suit will be dismissed. If the cause has proceeded to judgment, the judgment is void and will be reversed. (*Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 371 N.E.2d 1192; *Aarrow Ambulance v. Davis* (1974), 16 Ill. App. 3d 318, 306 N.E.2d 363.) Similarly, we conclude that since no attorney represented defendant in the filing of the notice of appeal, the instant appeal, having been instituted by a person not entitled to practice law, is a nullity. Therefore, these appellate proceedings must be dismissed.

■ Because of our dismissal of this appeal, it is unnecessary to consider the issue raised by defendant on appeal. However, we note that defendant's sole issue on appeal is that the denial of its motion for a continuance was an abuse of discretion. While an abuse of discretion is reversible just as any other error committed, the denial or refusal of a continuance is not a ground for reversal where the party complaining is not prejudiced thereby. (*Shumak v. Shumak* (1975), 30 Ill. App. 3d 188, 332 N.E.2d 177.) Defendant does not allege any prejudice resulting to it from the denial of its motion; therefore, we conclude that the denial of defendant's motion for a continuance was not error.

Motion granted; appeal dismissed.

WELCH, P.J., and JONES, J., concur.