5th Division

November 21, 1997

1-96-3337

ALBERT E. BERG and A.E. BERG CO., ) Appeal from the 

 ) Circuit Court of

Plaintiffs-Appellants, ) Cook County.

)

v. ) 

) 

MID AMERICA INDUSTRIAL, INC., and ) 

RICHARD Z. PIERCE, ) Honorable

) Edwin Richardson, 

Defendants-Appellees. ) Judge Presiding.  

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs, Albert E. Berg (Berg) and A.E. Berg Co. (Berg Co.), appeal the circuit court's denial of their motion to vacate its order dismissing with prejudice their two-count complaint and causes of action.  They raise as issues for review whether (1) defendants' motion to dismiss was properly before the court; (2) the dismissal was an appropriate sanction and required a hearing before it was entered; and (3) the complaint filed by a layperson on his own behalf and on behalf of a corporation was a nullity.

On October 19, 1995, Berg, individually and on behalf of his corporation, Berg Co., filed a two-count complaint against Mid-America Industrial, Inc. (Mid-Am), and its president, Richard Z. Pierce (Pierce) individually.  Count I sought $17,227 in salary and expenses allegedly owed to Berg individually by Mid-Am.  Count II sought recovery of $15,000 allegedly owed to Berg Co. under equipment leases with Mid-Am.  Two summonses appear in the record.  Each contained Berg's typed name, address, and telephone numbers.  Each left blank the line beginning with the printed words, "Attorney for."  On the summons dated October 19, 1995, the line beginning with the legend "Atty No." was left blank.  On the summons dated November 1, 1995, the numbers "08993," apparently assigned to an attorney who had done work for both parties, Edward A. Scott, was written in by hand.  The identity of the person who wrote the numbers is not entirely clear, but is claimed by defendants to have been Berg himself.  Berg is not and never has been a licensed attorney.

On November 9, 1995, Mid-Am and Pierce moved to dismiss the complaint because it was filed by a layperson.  Under Illinois law, a corporation can file a complaint only through a licensed attorney; any action filed without an attorney is  null and void 
ab
 
initio
.  
Housing Authority of Cook County v. Tonsul
, 115 Ill. App. 3d 739, 450 N.E.2d 1248 (1983)
 (
Housing Authority
). 

On December 14, 1995, Scott sought leave to appear on behalf of Berg and Berg Co.  At the same hearing, Mid-Am and Pierce moved to disqualify Scott from representing plaintiffs in the proceedings.  In support of the motion to disqualify, Pierce submitted a sworn affidavit that Scott  represented defendants in three pending legal matters, and knew of confidential information and the financial situation of the company.  In response, Scott averred that he worked for defendant on only three occasions, never conferred personally with Pierce, and knew nothing of defendant's financial situation.  In reply to Scott's response, Pierce submitted a supplemental certification, which is not included in the record, but is attached to defendants' brief.  The certification further contradicts Scott's affidavit, claiming that Scott had worked on six cases for Mid-Am and had conferred personally with Pierce.  The order entered on December 14, 1995 granted the parties time to respond to each other and set the matter for hearing on January 11, 1996.  On January 11, 1996, the motion to disqualify was continued to February 23, 1996.

The next order appearing in the record reveals that on March 1, 1996, the circuit court granted defendants' motion to disqualify Scott from representing plaintiffs and set the case for a status hearing on April 12, 1996, the date on which the court heard the case for status.  Scott was present in the courtroom.  The court admonished Scott to refrain from any comment.  No one else representing plaintiffs was then present.  According to papers filed by defendants in the circuit court, made part of the record, "the court on its own motion asked if there is a motion to dismiss."  Defendants then moved to dismiss, which the circuit court granted with prejudice.

On May 10, 1996, Alan L. Fulkerson moved for leave to appear on plaintiffs' behalf, and to vacate the dismissal order of April 12, arguing that plaintiffs never had notice of the April 12 status hearing and that under 
Housing Authority
, 115 Ill. App. 3d 739 (1983), Count II was void 
ab
 
initio
.

On August 23, 1996, the circuit court denied the motion to vacate and again dismissed the case, this time 
sua
 
sponte
.  In denying the motion to vacate, the court asserted that plaintiffs and Scott had "deliberate disregard of this court's authority * * *."  
In support of the court's August 23 
sua
 
sponte
 order dismissing plaintiff's complaint, the court cited 
Clymore v. Hayden
, 278 Ill. App. 3d 862, 663 N.E.2d 755 (1996) for the proposition that a circuit court can dismiss an action as a sanction. 

Plaintiffs appeal.  We reverse and remand for reasons which follow.

I

 Plaintiffs initially allege that the circuit court abused its discretion in denying their August 23, 1996 motion to vacate the dismissal order of April 12, 1996.  

The circuit court, in its discretion, may vacate a final order upon any terms that shall be reasonable.  735 ILCS 5/2-1301(e)(West 1993)
.  The guiding principle in a motion to vacate "is that the petition invokes equitable powers of the court to prevent enforcement of a judgment or dismissal of an action when it would be unfair, unjust, or inequitable."  
Kirk v. Michael Reese Hospital & Medical Center
, 275 Ill. App. 3d 170, 173, 655 N.E.2d 933 (1995).  A motion to vacate should be granted or denied in the "interests of justice and fairness."  
Kirk
, 275 Ill. App. 3d at 173.  The court's denial of the motion to vacate will not be disturbed unless an abuse of discretion is identified.  
Ward v. Rosenfeld
, 204 Ill. App. 3d 908, 912, 562 N.E.2d 674 (1990).

A

Plaintiffs first contend that they did not receive notice of the April 12 hearing, which defendants dispute.  

Parties to an action who have appeared are entitled to notice of any impending motions or hearings.  
City of Chicago v. American National Bank & Trust Co.
, 171 Ill. App. 3d 680, 688, 525 N.E.2d 915 (1988)
.  In addition, Rule 2.1 of the circuit court of Cook County requires written notice of motion hearings, to be given to all parties who have appeared.  Cook Co. Cir. Ct. R. 2.1(a)(eff. April 23, 1992).

Defendants submit that, because Scott was present at the April 12 status hearing, plaintiffs must have had notice of the hearing.  Plaintiffs do not dispute that Scott was in court on April 12. Defendants, however, do not argue that after Scott was disqualified notice to him is imputed to plaintiffs as a matter of law (
Foley v. Metropolitan Sanitary District of Greater Chicago
, 213 Ill. App. 3d 344, 572 N.E.2d 978 (1991)), but conclude that, because Scott knew of the April 12 hearing, plaintiffs did as well.  Nothing in the record, however, demonstrates that Scott and plaintiffs communicated between March 1, the date of disqualification, and April 12.  Were we to assume, for the sake of argument, that notice of a hearing on status of the case was sent and received, there still was no notice to plaintiffs that the motion to dismiss also would be considered and acted on at that time.  The motion to dismiss the case was not set for hearing in any circuit court order between the December 14, 1995 order, which allowed the motion to disqualify Scott to be filed, and the April 12, 1996 order, which dismissed the action.  The court's orders of January 11, 1996, and March 1, 1996, did not mention the motion to dismiss.  The March 1 order merely stated that the case was set for status on April 12, 1996.

It would be unjust, unfair, and inequitable to allow the dismissal order to stand because, from the foregoing litany of events, it is unclear that plaintiffs received proper notice of the April 12 hearing.  Clearly, the circuit court's
 spontaneous invitation to defendants at that hearing 
to make the motion to dismiss demonstrates that plaintiffs could not have had notice that dismissal was contemplated. 

B

Defendants suggest that the circuit court properly dismissed plaintiffs' complaint as a sanction, thereby justifying the lack of notice to plaintiffs; however, the preamble of the April 12, 1996 dismissal order is to the contrary, having recited:  "This cause coming on to be heard for 
status and Defendants' previously filed motion to dismiss
 the Complaint at Law, notice having been given and the Court being informed in the premises, ***."  (Emphasis added.)  The order makes no reference to "sanctions."

The circuit court, on August 23, 1996, entertained plaintiffs' motion to vacate the order of April 12, which it denied, explicitly "relying upon 
Clymore v. Hayden
, 278 Ill. App. 3d 862 (1996), in support of its 
sue
 [sic] 
sponte
 action to dismiss plaintiffs' complaint based upon plaintiffs deliberate disregard of this Court's authority."  Defendants also rely upon 
Sander v. Dow Chemical Co.
, 166 Ill. 2d 48, 651 N.E.2d 1071 (1995), to justify the circuit court's action.   

Neither 
Clymore
 nor 
Sander
 are helpful in resolving the issues presented here.  
Clymore
 was an appeal from the dismissal of a malpractice action as a discovery sanction pursuant to Rule 219 (134 Ill. 2d R.219) (Rule 219).  There, for a period of two years, "plaintiff's counsel *** caused delay" disregarding the circuit court's pre-trial and discovery orders in seven specific instances, which the opinion set forth in detail.  
Clymore
, 278 Ill. App. 3d at 867.  Based upon plaintiff's consistent and deliberate disregard of judicial authority in that case, the court affirmed the dismissal as an appropriate discovery sanction, holding that "[w]here, as in this case, it is apparent that a party has wilfully disregarded the authority of the court and such disregard is likely to continue, the interests of that party in the lawsuit must bow to the interests of the opposing party."  
Clymore
, 278 Ill. App. 3d at 868.

There was no discovery ordered or pending in the instant case.  Neither Berg nor Berg Co. were accused of violating any pre-trial order.  Rule 219 cannot form the basis for the sanction which the circuit court imposed here.  Nor does 
Clymore
 hold that a court may 
sua
 
sponte
 dismiss a plaintiffs' complaint, based on isolated acts which a court perceives to be in disregard of its authority, without affording to plaintiff a hearing.

Sander
 also is clearly distinguishable.  There, for almost two years, plaintiffs' counsel failed to comply with court orders.  Affirming dismissal of the case as a Rule 219 sanction, the supreme court noted:

"On four separate occasions, the trial court entered orders setting deadlines for the filing of plaintiffs' amended complaint.  The court also ordered plaintiffs to reply to Monsanto Corporation's motion for a protective order relating to discovery on or before specific dates.  Plaintiffs violated each of these orders.  In addition, plaintiffs repeatedly violated court orders that struck certain allegations in plaintiffs' complaint.  Those allegations were pled again in plaintiffs' second-amended and third-amended complaints.  These court orders directly addressed pretrial issues concerning amendments to the pleadings, the simplification of issues and the court's pretrial calendar, each of which is expressly contemplated by Rule 218."  
Sander
, 166 Ill. 2d at 62-63.

Nothing in the present record demonstrates that Berg, Berg Co. or their prior attorney engaged in conduct which repeatedly violated Rule 218 in disregard of the circuit court's authority.

C

The sanction of dismissal entered by 
the circuit court could not have been authorized by invoking Supreme Court Rule 137 (155 Ill. 2d 137 (Rule 137)) in entering the August 23, 1996 order.  

Sanctions may be directed against a party or its attorney under Rule 137 for filing any pleading which is not well-grounded in fact, not warranted by existing law, or which has been interposed for any improper purpose, including harassment.  Sanction orders are given considerable deference, and will not be reversed on appeal absent an abuse of discretion (
Yassin v. Certified Grocers of Illinois, Inc.
, 133 Ill. 2d 458, 467, 551 N.E.2d 1319 (1990)); however, prior to their imposition, a hearing must be conducted to afford the parties an opportunity to present evidence to support or rebut the claim and to allow them to articulate their respective positions.  
Estate of Baker
, 242 Ill. App. 3d 684, 687, 611 N.E.2d 59 (1993).  Rule 137 is penal in nature and will be strictly construed.  
Century Road Builders, Inc. v. City of Palos Heights
, 283 Ill. App. 3d 527, 530, 670 N.E.2d 836 (1996).  A court exacting a Rule 137 sanction must make explicit the legal or factual basis for its decision.  
O'Brien & Associates v. Tim Thompson, Inc.
, 274 Ill. App. 3d 472, 653 N.E.2d 956 (1995).  At worst, the record here shows only the improper inclusion of an attorney's identification number on one of two summonses, and the presence of a disqualified attorney who rose to speak, but never said one word about the present case or any other, because he was precluded from doing so by the court.  No hearing was conducted by the court in the case 
sub
 
judice
 to resolve factually the contradictions appearing in the affidavits and certifications.  Nor did the circuit court provide the requisite legal or factual findings in the August 23 order as prescribed by Rule 137, so that the bases for its actions could be appropriately evaluated.

When considering the propriety of Rule 137 sanctions, a reviewing court must determine whether (1) the circuit court's ruling was based upon adequate information; (2) valid reasons appropriate to the case are identifiable; and (3) 
the ruling logically follows from applying the reasons stated to the particular circumstances of the case.  
Wagener v. Papie
, 242 Ill. App. 3d 354, 364, 609 N.E.2d 951 (1993); 
Kubiak v. City of Kewanee
, 228 Ill. App. 3d 605, 592 N.E.2d 1200 (1992).  

The dismissal orders entered without notice or hearing by the circuit court on April 12 and August 23, 1996 are devoid of sufficient information or valid reasons appropriate to the sanctions imposed and must be reversed and remanded.

II

Plaintiffs contend that Count II of their complaint was null and void 
ab
 
initio
 because it was brought by a layperson on behalf of a corporation.  Defendants argue that the nullity rule should not be applied in this case, apparently seeking a status for the complaint sufficiently viable to sustain the punishment meted out by the circuit court.

Corporations may  not appear in court through a layperson, only by a licensed attorney.  
Housing Authority
, 115 Ill. App. 3d 739, 740.  Any proceedings which ensue in a case involving a layperson representing a corporation are null and void 
ab
 
initio
.  
Housing Authority
, 115 Ill. App. 3d at 740.  This rule applies even where the lay agent merely files the complaint over his own signature, and all subsequent court appearances are made by a duly licensed attorney. 
Housing Authority
, 115 Ill. App. 3d at 740.  The purpose of the rule is to protect litigants against the mistakes of those ignorant of the law and the schemes of the unscrupulous, and to protect the court itself in the administration of its proceedings from those lacking requisite legal skills.  
Janiczek v. Dover Management Co
., 134 Ill. App. 3d 543, 546, 481 N.E.2d 25 (1985) (
Janiczek
).

It is undisputed that plaintiff Berg, a layperson, brought suit under Count I 
pro
 
se
 and Count II on behalf of Berg Co., a corporation.  Defendants argue, however, that "the corporate nullity rule has been used by defendants [in prior instances] to vacate the judgment where the corporate plaintiff commenced an action without duly licensed counsel," in other words, as "a shield," a defensive measure to protect the opponents of a corporation, but that here the corporation seeks to use the nullity rule as a sword, thereby defeating the purpose of the rule.  The purpose of the rule does not limit its use only to a defensive measure of a corporation's opponent, however.  The rule also was intended to guarantee that corporations receive professional legal counsel and to assure competent practice in court proceedings.  
Janiczek
, 134 Ill. App. 3d at 546.  In the instant case, it is undisputed that a layperson filed the complaint.  The aforesaid purposes of the rule apply here.  

In support of their argument, defendants also rely upon 
Janiczek
, because there 
the court refused to apply the nullity rule.  In 
Janiczek
, however, 
a layperson retained a then duly licensed attorney for representation in a personal injury action, who initially filed the layperson's action while still an attorney.  Subsequently, the attorney was disbarred.  Defendants then moved to dismiss the action, claiming plaintiff was represented by a non-attorney and, therefore, the complaint was null and void 
ab
 
initio
.  The circuit court granted the motion and dismissed the case with prejudice.  The appellate court reversed the dismissal,
 reasoning that dismissal of a layperson's claim under the unique circumstances of this case defeated the purpose of the rule, because the layperson's representative had been a licensed attorney when he was retained  to render his services.  
Janiczek
, 134 Ill. App. 3d at 546.  Plaintiffs correctly argue that 
Janiczek
 establishes an express exception to the nullity rule which does not apply to the instant case.  

 It is clear that Count II of plaintiffs' complaint should have been deemed null and void 
ab
 
initio
; therefore, the court's April 12 order dismissing the action with prejudice should have been vacated.  The circuit court abused its discretion when it failed to do so. 

Also questionable is the dismissal of the entire complaint, including Count I.  That count attempted to articulate an action by a layperson based upon an alleged breach of an oral contract between Berg, as an individual, and Mid-Am and Pierce.  Berg sought for himself damages in the amount of $11,100 for unpaid salary and $6,127 for unreimbursed expenses.  Although mentioned in the body of this count, no grievance of Berg Co. was articulated and no relief was sought for Berg Co.  This count certainly was susceptible to a motion to strike for want of clarity, with leave granted to replead; however, Berg was not precluded by law from filing a complaint in his own behalf.  See 
Janiczek
, 134 Ill. app. 3d at 545, and cases therein cited.

For the reasons set forth above, the order of August 23, 1996, denying vacatur of the April 12, 1996 dismissal order, and again dismissing the two count complaint, is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN and HOURIHANE, JJ., concur.