# N. Y. COMMON PLEAS

Mary Newburger *et al.* agt. James Campbell.

*Attorneys and counselors — Effect of allowing a party to appear and conduct a cause who is not regularly admitted to practice — Code of Civil Procedure, sections 63, 64.*

Where a judge knowingly permits to practice in his court a person not regularly admitted to practice, his judgment, rendered in a cause so conducted in violation of law, is void and will be reversed.

*General Term, March,* 1880.

*Before* Daly, *Ch. J.,* J. F. Daly *and* Van Hoesen, *JJ.*

Appeal from judgment rendered by justice Charles D. Ingersoll, of the seventh district court, August 12, 1879, upon the verdict of a jury in favor of plaintiffs for goods sold and delivered.

*Mr. Van Winkle* appears on the return as attorney of record for plaintiffs.

*Mr. Maccabe,* for defendant.

On the trial Mr. Arthur Furber, the managing clerk of Mr. Van Winkle, conducted the case for plaintiffs. He offered himself, on rebuttal, as a witness to prove an interview with defendant. On cross-examination he was asked if he were an attorney and counselor at law and he said he was not. On his subsequently beginning to cross-examine a witness of defendant, defendant's counsel objected that he was not duly authorized to appear and that the court has been imposed upon by his appearing and conducting the case. The court took no notice of the objection and Mr. Furber conducted the case to the end.

On appeal to the general term of the court of common pleas:.

*Mr. Jerolamon*, for defendant, appellant.

*Mr. Van Winkle*, for plaintiff, respondent.

After hearing counsel:
THE CHIEF JUSTICE — As this is an important question the reporter will take the judgment of the court as expressed by the judges.

J. F. DALY, *J.* — The notice of appeal recites, as a ground of appeal, that the justice permitted the cause to be tried, upon the part of the plaintiffs, by a gentleman who was not an attorney and counselor at law, and it appears, from the return, that the objection was duly made by the defendant's counsel, as soon as it was disclosed by the evidence of Mr. Furber (the gentleman in question), that he was not duly admitted to practice. The justice, nevertheless, permitted him to go on and try the case to the end contrary to the provision of the Code (*secs.* 63 *and* 64). As it is declared by the latter section to be a misdemeanor for the judge to knowingly permit to practice in his court a person not regularly admitted to practice, we are of opinion that his judgment,

rendered in a cause so conducted in violation of law, is void and must be reversed.

VAN HOESEN, *J.* — After it appeared that Mr. Furber was not an attorney the justice committed a misdemeanor in permitting him to continue longer to conduct the case for the plaintiffs. That misdemeanor necessarily affected the subsequent proceedings. To say that because the justice might be indicted for permitting Mr. Furber to continue in the trial the defendant cannot complain of the misdemeanor, is to say that a suitor cannot object that a judgment against him was rendered by proceedings which violated a statute of the state, if those proceedings constitute an indictable offense.

