(37 Misc. Rep. 502.)

KAPLAN v. BERMAN.

(Supreme Court, Appellate Term.  March, 1902.)

ATTORNEY—RIGHT TO PRACTICE—VOID JUDGMENT.

Under Code Civ. Proc. §§ 63, 64, providing that no person shall be allowed to make it a business to practice law unless regularly admitted as an attorney, where a person not regularly admitted to practice, and not a party to an action, conducts the defense in an action in a municipal court, the judgment rendered therein is void.

Appeal from municipal court, borough of Manhattan.

Action by Israel Kaplan against Louis Berman.  Judgment for defendant, and plaintiff appeals.  Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Leo Lerner, for appellant.

GIEGERICH, J.  Objection was made upon the trial by the plaintiff's counsel that the person who appeared in behalf of the defendant had not been regularly admitted to practice in the courts of record of this state.  Although the truth of such statement was not challenged, the trial justice, despite such objection, permitted him to conduct the case to the end.  Such proceeding was contrary to the provisions of sections 63 and 64 of the Code of Civil Procedure, which provide:

"Sec. 63.  A person shall not ask or receive, directly or indirectly, compensation for appearing as attorney in a court or before any magistrate in the city of New York, or make it a business to practice as an attorney in a court or before a magistrate in said city, unless he has been regularly admitted to practice, as an attorney or counsellor, in the courts of record of the state.

"Sec. 64.  A person who violates the last section is guilty of a misdemeanor, and shall be punished by imprisonment in the county jail, not exceeding one month, or by a fine of not less than one hundred dollars or more than two hundred and fifty dollars, or by both such fine and imprisonment.  A judge, justice or magistrate within the city of New York who knowingly permits to practice in his court, a person who has not been regularly admitted to practice in the courts of record of this state, is guilty of a misdemeanor, and shall be punished as prescribed in this section.  But this and the last section do not apply to a case where a person appears in a cause to which he is a party."

In view of this provision of law, and of the facts appearing in the record before us, the proceedings upon the trial were tainted with illegality, and the judgment appealed from is therefore void.  Newburger v. Campbell, 9 Daly, 102.  As was said by J. F. Daly, J., in the case cited (page 103):

"As it is declared by the latter section [64] to be a misdemeanor for the judge to knowingly permit to practice, in his court, a person not regularly admitted to practice, we are of opinion that his judgment, rendered in a cause so conducted, in violation of law, is void, and must be reversed."

Van Hoesen, J., in the same case, at page 103, makes the following pertinent observations upon the same subject:

"That misdemeanor necessarily affected the subsequent proceedings.  To say that, because the justice might be indicted for permitting Mr. ―― to continue in the trial, the defendant cannot complain of the misdemeanor, is

to say that a suitor cannot object that a judgment against him was rendered by proceedings which violated a statute of the state, if those proceedings constitute an indictable offense."

It results from these views that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.