(73 Misc. Rep. 35.)

PUMA v. McGONIGLE et al.

(City Court of New York, Special Term. July, 1911.)

FALSE IMPRISONMENT (§ 20*)—PLEADING—VARIANCE.

    In an action for false imprisonment under process issued on a void judgment of the Municipal Court, where plaintiff alleges the invalidity of the judgment on certain specific grounds, proof of its invalidity on other grounds is inadmissible.

    [Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 20.*]

Action by Carmelo Puma against Daniel McGonigle and another. Judgment for defendants.

Hobart S. Bird, for plaintiff.
Charles M. Kiefer, for defendants.

McAVOY, J. The plaintiff sues the defendants, who are respectively a marshal of the city of New York and an attorney of this court, for damages for false imprisonment under the following circumstances:

The plaintiff in this action was the defendant in two actions in the Municipal Court. The actions in the Municipal Court were for conversion, and were heard in that court in June, 1910. The court found a judgment for the plaintiffs in said actions, and upon an inquest, as appears by the record, directed a body execution to issue thereon. The plaintiff here was visited by the marshal at his home, and not conveyed to the jail, but instead attended at the office of the attorney for the plaintiff in the Municipal Court actions, where the same was settled. The false imprisonment consists in the custody of the plaintiff here by the marshal between his home and the attorney's office pending the settlement. Upon trial in this court the complaint was dismissed; the judgment of the Municipal Court and the execution issued thereunder having no defective recitals or irregularities in jurisdiction apparent upon their face.

The plaintiff here claims, however, that the judgment in the Municipal Court was entered upon default in appearance of the defendants there, and that upon said judgment day the person appearing in behalf of the plaintiff in that action was not an attorney and counselor at law, and consequently the motion for judgment thereon and the judgment entered upon such motion is void. Penal Law (Consol. Laws 1909, c. 40) § 270, provides that it shall be unlawful for any person to practice or appear as attorney and counselor at law for an-

other in a court of record in this state, or in any court in the county of New York, or as attorney and counselor at law for another in any of said courts, without having first been duly licensed and admitted to practice law in courts of record in this state, and without having taken the constitutional oath, etc. Any persons violating the provisions of this section are guilty of a misdemeanor. Early cases in this state hold that a judgment rendered in a case so conducted in violation of penal laws is absolutely void. See Newburger v. Campbell, 9 Daly, 102, where it was held that if, upon the trial of an action, the justice permits a person not admitted to practice as an attorney and counselor to appear for and conduct a trial on the part of one of the parties, notwithstanding the objection of the other party, the judgment rendered upon a trial so conducted in violation of law is void. If the judgment be void it may be impeached in collateral proceedings by any one with whose rights or interests it may conflict, although not having been set aside by any proceedings for that purpose, and although valid on its face.

The scope of the evidence designed to elicit the proof of the participation in the judgment by a person not entitled to practice in the court cannot be determined, since the evidence was excluded on the ground that the process, proof, and judgment were all valid, and a collateral inquiry as to the authority of the person appearing as attorney was not permissible. I do not, however, think the plaintiff was entitled to raise this point under his pleading. He had elected a specific defect, and pleaded it as a ground of invalidity. Other invalid conditions inherent in the judgment could not be heard, under the rule of secundum allegata et probata, where they depend upon facts to be elicited and which are subject to denial or disproof. I will therefore refuse to disturb the judgment.

Judgment accordingly.