JOHN COLTON, Plaintiff, *v.* HARRY H. OSHRIN, Defendant.

Supreme Court, New York County, November 28, 1934.

*Mackey, Herrlich & Breen* [*Richard J. Mackey* of counsel], for the plaintiff.

*Louis Susman*, for the defendant.

HOFSTADTER, J. Despite my specific direction that Mr. Weiss appear before the court, he failed to put in an appearance. This significant circumstance, in conjunction with the matters set forth in the motion papers, compels the conclusion that Mr. Weiss is not an attorney and counselor at law, duly admitted to practice in the courts of this State, and never has been.

In view of this conclusion, it follows that all the proceedings had are nugatory and void. (Penal Law, §§ 271, 272; *Kaplan* v. *Berman*, 37 Misc. 502; *People* v. *James*, 150 id. 390, 393; *Newburger* v. *Campbell*, 9 Daly, 102; *Puma* v. *McGonigle*, 73 Misc. 35.)

It is not suggested that the defendant or his attorney of record was aware of the facts with reference to Mr. Weiss, nor is it especially important that the objection was not raised by plaintiff's counsel sooner. The result is the same. The cases above cited presumably are based on the theory that it would be subversive of the correct administration of justice and of our courts to permit unauthorized persons to practice as attorneys therein. It is, therefore, not a matter of penalizing any one (other than the person guilty of the offense), but, rather, a matter of vindicating the dignity of the court and of an honorable profession that the rule has been established that all proceedings participated in by such an unauthorized person are rendered nugatory and ineffectual. In this view, therefore, actual prejudice to any party need not be shown, but is conclusively presumed.

The motion for a mistrial is, therefore, granted, and a new trial is ordered. The case is restored to the calendar of Special Term, for Trials, at Trial Term, Part II, for the 3d day of December, 1934. Order signed.