130 CEDAR STREET CORPORATION, Respondent, *v.* THE COURT PRESS, INC., Appellant.

First Department, December 21, 1943.

*Isidor Enselman* of counsel (*Spellman, Rosenblatt & Enselman,* attorneys), for appellant.

*Eli M. Spark* of counsel (*Morris G. Duchin* with him on the brief; *Goodell, Hoffman & Spark,* attorneys), for respondent.

*Edwin M. Otterbourg* of counsel (*Abraham N. Davis* with him on the brief; *George R. Adams,* attorney), for the New York County Lawyers Association, *amicus curiæ.*

COHN, J.  Under a lease the tenant occupied space on the second floor of the landlord's building located at 130 Cedar Street, New York City.  The agreement contained a clause permitting the landlord to enter the demised premises to make necessary alterations.  It also provided that if the landlord were compelled to incur any expenses, including reasonable attorney's fees, in prosecuting any action by reason of any default of the tenant under the lease, the sum so paid by the landlord, with interest and costs, should be deemed additional rent and due from the tenant to the landlord on the first day of the month following the incurring of such expense.

In June, 1941, the landlord notified the tenant that it intended to install a drain pipe across the entire length of the tenant's premises a few feet below the ceiling.  To this the tenant would not consent but it was willing to permit the installation of the pipe along the walls of the premises.  Because of this controversy the landlord instituted an action against the tenant for a mandatory injunction which terminated in a judgment in favor

of the landlord authorizing the installation of the pipe, not at the ceiling but along the walls and in such a manner as to cause the least damage to the tenant.

Though the tenant contends that the judgment was only nominally in favor of the landlord, one of the findings upon which that judgment was based was "That the defendant's [tenant's] refusal * * * has been and is without just or proper cause or reason, and the same constitutes a wilful violation and breach of the provisions of defendant's lease " and another finding was that " plaintiff [landlord] has been obliged to institute and maintain this action." These findings, essential and material to the injunction suit, are conclusive as to the parties here. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Robinson Co.* v. *Security Mutual Life Ins. Co.*, 167 App. Div. 880, affd. 222 N. Y. 713.)

Thereafter, Isaac Gluckman, the lawyer for the landlord, commenced an action in the Supreme Court, Westchester County, against his client, the landlord, to recover $3,656.55 for professional services rendered and expenses incurred in the injunction suit. In that action the landlord, although a corporation, did not retain an attorney but appeared and answered in person.

Notwithstanding that the tenant was invited by the landlord to participate in the defense of that action, it declined to do so. When the Westchester action came to trial the only question litigated was the value of Gluckman's services. The sole witness for the landlord was Louis W. Goldstein, its president. At the trial the corporation landlord was represented by Goldstein's father, who is not a lawyer. He tried the case, conducted the cross-examination and summed up to the jury. Gluckman was aware that the corporation appeared without attorney but made no objection. A verdict in favor of Gluckman with interest and costs was entered and two days later the judgment amounting to $2,304.71 was paid by the landlord. The additional item of rent claimed in the proceeding at bar, and here in dispute, was grounded upon the amount of that judgment, with interest, which totalled $2,313.93.

Upon this trial the landlord, basing its claim for additional rent upon payment of the judgment obtained against it in the Westchester County action, offered the judgment in evidence. The trial court received it as conclusively binding upon the tenant and directed a verdict for the landlord for the amount of that judgment. This, in our opinion, was error. We think that because of the illegal personal appearance of the landlord corporation and its participation in the trial, the landlord could not avail itself of this judgment for the purpose of the present suit.

Under the law a corporation must appear by a duly licensed attorney. It may not appear for itself, or defend an action in person. (Penal Law, § 280, as amd. L. 1940, ch. 198; Civ. Prac. Act, § 236, as amd. L. 1939, ch. 694; cf. also *Aberdeen Bindery, Inc.,* v. *Eastern States Pr. & Pub. Co.,* 166 Misc. 904; *Mortgage Commission* v. *Great Neck Imp. Co.,* 162 Misc. 416.) Thus by statute, a corporation is now conclusively prohibited from appearing in a court of law and rendering any legal services therein for anyone, *even for itself.* The Penal Law (§ 280) provides that such conduct constitutes a misdemeanor. Concededly, the landlord violated provisions of the Penal Law and of the Civil Practice Act when in the trial of the action in the Supreme Court, Westchester County, brought against it by its former attorney Gluckman, the corporation appeared in person and participated in person.

In view of its illegal conduct in appearing *in propria persona* in the Westchester County action, we think that the corporate landlord may not reap any benefit or advantage from its own wrong. We are of the opinion that the landlord may not base any claim for additional rent upon that judgment which is tainted by its own illegal conduct. It is a fundamental maxim of law that " No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime." (*Riggs* v. *Palmer,* 115 N. Y. 506, 511; see, also, *Keystone Hardware Corp.* v. *Tague,* 246 N. Y. 79, 83; *Quast* v. *Fidelity Mutual Life Ins. Co.,* 226 N. Y. 270, 283; *People* v. *Schmidt,* 216 N. Y. 324, 341.)

For the recovery of reasonable attorney's fees necessarily incurred in prosecuting the injunction suit together with interest and costs and damages the landlord is not left without a remedy. Sums so expended may under the terms of the lease between the parties be deemed additional rent. Upon a new trial and an appropriate amendment of the pleadings the landlord will not be precluded from establishing the nature and extent of the services rendered by Gluckman in the injunction suit and the fair and reasonable value of such services necessarily incurred. By our decision we are merely holding that as an additional item of rent the landlord may not recover from the tenant upon a judgment tainted by its own illegality.

The determination of the Appellate Term and the judgment and the order of the Municipal Court should be reversed and a new trial ordered, with costs of this appeal to the appellant.

UNTERMYER and DORE, JJ., concur; TOWNLEY and CALLAHAN, JJ., dissent and vote to affirm.

Determination of the Appellate Term and the judgment and the order of the Municipal Court reversed and a new trial ordered, with costs of this appeal to the appellant.