■ YVONNE DUNN et al., Appellants, v. ARTHUR EICKHOFF et al., Respondents.— In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Rockland County, entered August 7, 1972, in favor of defendants, upon a jury verdict. Judgment affirmed, without costs. The record is clear that plaintiffs learned of the disbarment of their attorney prior to the time the case reached the jury, but failed to inform the trial court of this fact and, further, refrained from joining in the subsequent unsuccessful motion for a mistrial based on this ground, made by defendants' attorney. Instead, plaintiffs chose to gamble on receiving a favorable verdict from the jury. That gamble having failed, plaintiffs seek by means of this appeal to obtain a new trial. There is nothing in the record before this court or in any of the arguments raised on this appeal to suggest that plaintiffs' attorney tried this case inadequately or incompetently or that plaintiffs were not fully and properly represented at the trial. Under these circumstances, the judgment should be affirmed. Gulotta, Christ and Brennan, JJ., concur; Shapiro, Acting P. J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum, in which Benjamin, J., concurs: The issue here is whether plaintiffs' post-trial motion to set aside the jury's verdict in favor of defendants was improperly denied. Plaintiffs' attorney, Eugene J. Adams, was convicted in the United States District Court for the Southern District of New York of three counts of perjury and one count of obstructing justice, each conviction being a felony in this State. On February 1, 1972 the judgment and commitment on the conviction was filed. On February 23, 1972 an order of this court noted receipt of a certified copy of the judgment and commitment, declared that the crimes of which Adams had been convicted were felonies under the laws of the State of New York, stated that under subdivision 4 of section 90 of the Judiciary Law Adams had ceased to be an attorney and competent to practice law as such and directed that, effective immediately, his name be struck from the roll of attorneys entitled to practice

law and that, *as of the date of his conviction, February 1, 1972, he desist and refrain from the practice of law in any form and from appearing as an attorney before any Judge.* The order also directed that Adams comply with this court's rules governing the conduct of disbarred attorneys. Despite the fact that his conviction resulted in his immediate disbarment, Adams, nevertheless, commenced and then proceeded with the trial of this personal injury action, which began on February 22, 1972. The rules of this court governing the conduct of disbarred attorneys, referred to in its order of February 23, 1972, provide in part (22 NYCRR 692.4): "(a) A disbarred * * * attorney shall promptly notify, by registered or certified mail, return receipt requested, each of his clients who is involved in litigated matters * * * and the attorney or attorneys for each adverse party in such matter * * * of his disbarment * * * and consequent inability to act as an attorney after the effective date of his disbarment * * *. The notice to be given to the client shall advise the prompt substitution of another attorney or attorneys in his place. (b) In the event the client does not obtain substitute counsel before the effective date of the disbarment * * * it shall be the responsibility of the disbarred * * * attorney to move pro se in the court in which the action is pending * * * for leave to withdraw from the action or proceeding. (c) The notice to be given to the attorney or attorneys for an adverse party shall state the place of residence of the client of the disbarred * * * attorney. In addition, notice shall be given in like manner to the Judicial Conference of the State of New York in each action in which a retainer statement has been filed." Adams' continuance as plaintiffs' trial counsel was not only clearly a violation of this court's rules but also constituted the commission of a misdemeanor by him, since section 486 of the Judiciary Law, so far as relevant, provides that an attorney and counselor at law who has been convicted of a felony and who does any act forbidden by the provisions of the Judiciary Law to be done by any person not regularly admitted to practice law in the courts of record of this State shall be guilty of a misdemeanor. Counsel for defendants was apparently aware of the foregoing, for just prior to the return of the verdict he moved for a mistrial pursuant to the provisions of subdivision 4 of section 90 of the Judiciary Law (providing for striking from the roll of attorneys the name of any attorney convicted of a felony) "upon the grounds [*sic*] that the Appellate Division had disbarred Mr. Adams: that, he, therefore, could not proceed as our [*sic*] attorney in this matter, and that any determination by the jury would have no legal effect." His motion was denied. Having taken that position on the trial, and one which he no doubt would have strenuously urged if the jury verdict had gone to plaintiffs, he should not be permitted to change his position because the happenstance of the situation is that he was victorious. Careful research has failed to disclose any case in which the parties learned of the disbarment of counsel while the trial was actually in process, but there are cases in which it was learned after the trial had begun that one of the parties had as counsel a person not admitted to practice as an attorney. In *Colton* v. *Oshrin* (155 Misc. 383), Justice Hofstadter granted a mistrial because he concluded that the person who had previously appeared as counsel was not an attorney. He said (p. 384): "In view of this conclusion, it follows that all the proceedings had are nugatory and void. (Penal Law, §§ 271, 272; *Kaplan* v. *Berman,* 37 Misc. 502; *People* v. *James,* 150 id. 390, 393; *Newburger* v. *Campbell,* 9 Daly, 102; *Puma* v. *McGonigle,* 73 Misc. 35.)" He then went on to give what I believe to be the appropriate rationale to be applied in such situations when he said (p. 384): "The cases above cited presumably are based on the theory that it would be subversive of the correct administration of justice

and of our courts to permit unauthorized persons to practice as attorneys therein. It is, therefore, not a matter of penalizing anyone (other than the person guilty of the offense), but, rather, a matter of vindicating the dignity of the court and of an honorable profession that the rule has been established that all proceedings participated in by such an unauthorized person are rendered nugatory and ineffectual. In this view, therefore, actual prejudice to any party need not be shown, but is conclusively presumed." In *Newburger* v. *Campbell* (9 Daly 102), the managing clerk of the plaintiffs' attorney tried an action for goods sold and delivered. When he took the witness stand for rebuttal purposes, the defendant's counsel asked him if he was an attorney. He replied that he was not. When the managing clerk thereafter sought to cross-examine one of the defendant's witnesses, defense counsel objected on the ground that since the managing clerk was not a member of the Bar he should not be permitted to act as such. The court permitted the managing clerk to continue to conduct the case. In reversing the judgment for the plaintiffs, Judge Joseph F. Daly, writing for the court, said (p. 103), "We are of the opinion that his [the trial court's] judgment, rendered in a cause so conducted, in violation of law, is *void* and must be reversed" (emphasis supplied). Judge Van Hoesen, concurring, said (pp. 103–104), "The justice [trial court] committed a misdemeanor in permitting him [a non-attorney] to continue longer to conduct the case for the plaintiffs. That misdemeanor necessarily affected the subsequent proceedings. To say that because the justice might be indicted for permitting Mr. Furber [the managing clerk of plaintiffs' attorney] to continue in the trial, the defendant cannot complain of the misdemeanor, is to say that a suitor cannot object that judgment against him was rendered by proceedings which violated a statute of the State, if those proceedings constitute an indictable offense." Except for the fact that in the cited case the verdict was against the objecting party, the facts are on all fours with our case and the same rule should be applied. If in our case the verdict had gone to plaintiffs, defendants would no doubt have relied upon the authority of the *Newburger* case (*supra*), since the rule of law there enunciated was precisely the basis for their motion for a mistrial. In *Kaplan* v. *Berman* (37 Misc. 502) there was judgment for the defendant after a trial without a jury. During the trial, the plaintiff's counsel complained that the person appearing for the defendant was not an attorney. Though the verity of his complaint went unchallenged, the trial court nevertheless allowed the defendant's "counsel" to conduct the case to the end. In reversing, the Appellate Term said (p. 503), "In view of this provision of law [referring to sections 63 and 64 of the Code of Civil Procedure, making it a misdemeanor for one not admitted to practice as an attorney to appear as such in the courts of record of the State and for a judge within the City of New York knowingly to permit such a person to practice in his court], and the facts appearing in the record before us, the proceedings upon this trial were tainted with illegality and the judgment appeal from is, therefore, void. Newburger v. Campbell, 9 Daly, 102." In reversing a conviction before a Justice of the Peace for violation of a provision of the Conservation Law in a case in which the prosecution had been conducted by a game inspector, not an attorney, the court in *People* v. *James* (150 Misc. 390, 393) ruled that "where a trial is conducted by a person who is forbidden to conduct the trial * * * it renders the judgment void," citing *Kaplan* v. *Berman* (*supra*), *Newburger* v. *Campbell* (*supra*) and *Puma* v. *McGonigle* (73 Misc. 35). (See, also, *130 Cedar St. Corp.* v. *Court Press*, 267 App. Div. 194, and *11 W. 42nd St.* v. *United States Photographic Identification Systems*, 63 N. Y. S. 2d 355, in each of which a holding in favor of a corporation which had appeared without an attorney in violation

of section 236 of the Civil Practice Act and section 280 of the former Penal Law was reversed.) In the *11 W. 42nd Street* case (*supra,* pp. 355–356) the Appellate Term, First Department, said: "Where a corporation does not appear and defend by an attorney all the proceedings subsequent to the service of the precept are void and of no effect. The court below should not have permitted the answer to stand or the corporations to defend themselves by their officers, without appearance by an attorney. These facts make it a void final order and there should be appearance by an attorney with a proper answer filed by him." Thus, although the foregoing and a number of other decisions in this State declare that all proceedings participated in by a person not authorized to practice as an attorney in the courts of this State render the resulting proceedings nugatory and void, none deals specifically with a factual pattern in which counsel was disbarred either just before or during the trial. It seems clear, however, that the applicable provisions of sections 90 (subd. 4) and 486 of the Judiciary Law explicated by section 692.4 of the rules of this court, are designed to prevent such disbarred counsel from continuing to exercise the office and powers of an attorney immediately upon his disbarment. This is made clear by the automatic operation of subdivision 4 of section 90 and the penal provisions of section 486 of the Judiciary Law. The stress of sections 692.1 and 692.4 of the rules of this court is on prompt notification of all persons involved in pending litigation being handled by a disbarred attorney of the fact of his disbarment and the imposition upon him of a duty to withdraw from the action or proceeding on or before the effective date of his disbarment. The brief of respondents reads section 692.5 of the rules of this court and CPLR 321 (subd. [c]) as authorizing the trial court to allow a disbarred attorney to see pending litigation through to its conclusion. But section 692.5 of our rules is clear in its mandate that a disbarred attorney " after entry of the disbarment  *  *  *  order  *  *  *  shall not  *  *  *  engage as attorney for another in any new case or legal matter of any nature", although he " may wind up and complete, on behalf of any client, all matters which were pending on the entry date ", but only " during the period between the entry date of the order and its effective date ". Here, the effective date of the order was retroactive to February 1, 1972. Hence, there was no period in which the disbarred attorney could " wind up and complete " the pending, trial. I see no escape, nor do I believe there should be one, from enforcing as sound New York public policy the principle that a judgment resulting from proceedings participated in by one not an attorney in violation of law is utterly void.* In an effort to sustain

---

* The doctrine of the New York cases that the conduct of a trial by a person who is forbidden to do so renders the judgment void is not followed uniformly elsewhere. Thus, in *Sawyer Co.* v. *Boyajian* (296 Mass. 215, 218) the Supreme Judicial Court of Massachusetts rejected the contention that the conducting of a trial by one not admitted to practice law in the State renders the entire proceeding void, saying (p. 218), " The right of an attorney to appear for one of the parties is ' a collateral matter having nothing to do with the merits of the case ' between the parties. The authorities indicate that proceedings in an action, before any objection is made to the attorney's right to practice, are not vitiated by an attorney's lack of legal authorization. The attorney is thereby made liable to discipline, and his right to recover a fee may be affected; but the proceedings are not rendered void." (See, also, *Schifrin* v. *Chenille Mfg. Co.,* 117 F. 2d 92, where the court took a position similar to that of the Massachusetts court with respect to the reversibility of judgment in favor of one whose attorney was unlicensed.) But neither of these cases involved activity by an attorney disbarred for cause who failed to advise his client of the fact that the disbar-

the judgment appealed from, respondents also argue that the motion to set aside the jury's verdict and to grant a new trial in the interests of justice was not timely made, since it was dated March 21, 1972 and therefore more than the 15 days allowed for such a motion by CPLR 4405. But this argument, like the argument that plaintiff was chargeable with the disbarred attorney's election to proceed with the trial after defendants' motion for a mistrial based on the disbarment was denied, ignores the fact that since plaintiffs' representative was no longer an attorney he could not be plaintiffs' attorney. Therefore, the representative's actions purportedly as plaintiffs' counsel could in no way bind plaintiffs to the election to proceed with the trial with the same counsel (ignoring for the moment that the principal plaintiff here is an infant) or to limit plaintiffs' time to make a motion under CPLR 4405 to set aside the verdict and grant a new trial. To seek, therefore, to argue that this void verdict was rendered valid because plaintiffs failed to move to set it aside within 15 days is to engage in bootstrap reasoning. Finally, in this respect, both CPLR 321 (subd. [c]) and section 692.4 of the rules of this court impose no 15-day time limit on the situations with which they deal. CPLR 321 (subd. [c]) provides that "If an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until *thirty days* after notice to appoint another attorney has been served upon that party" (emphasis supplied). Section 692.4 of the rules of this court requires the disbarred attorney, if the client does not obtain substitute counsel before the effective date of his disbarment, *pro se* to move the trial court for leave to withdraw. This procedure hardly implies holding the client, particularly an infant, as is the case here, to a 15-day unescapable deadline. For all the foregoing reasons, the judgment should be reversed and a new trial granted.

---

ment made the attorney no longer legally able to proceed with his case. In neither case was there objection by the other party to the disbarred attorney's continuing to act as counsel in the proceeding. And in each case the objectant to the judgment was the opposing party, not the disbarred attorney's client. Certainly in such a case, where the offending counsel has already been severely disciplined, the solution suggested by the Massachusetts court of disciplining the attorney and denying him any fee would hardly serve to encourage compliance by the disbarred and convicted attorney with the requirements of section 692.4 of this court's rules and section 486 of the Judiciary Law. Nor would it help protect the dignity and integrity of the trial court or insure full disclosure and appropriate advice by the disbarred attorney to his client and prompt notice to the opposing counsel. Neither would it serve the public policy, embodied in the applicable sections of the Judiciary Law and the rules of this court, of the speediest possible implementation of the disbarment of an attorney found no longer morally qualified to hold that office of trust awarded him by the State and its courts.