In re Jimmy Ray **CHANDLER,** Dorothy Lee Harrison Chandler.

**AMERICAN EXPRESS TRAVEL RELATED SERVICES CO., INC., Plaintiff,**

v.

**Jimmy R. CHANDLER, Defendant.**

**Bankruptcy No. 9001735JC. Adv. No. 900255.**

United States Bankruptcy Court, S.D. Mississippi, Jackson Division.

March 23, 1992.

Eileen Shaffer Bailey, Jackson, Miss., for plaintiff.

Eugene S. Berry, Jr., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

### EDWARD ELLINGTON, Chief Judge.

Came on for hearing in this adversary proceeding, the Defendant's motion to dismiss the Complaint to Determine Dischargeability of Debt filed by American Express Travel Related Services Co., Inc., and after considering arguments of counsel as set forth by memorandum briefs, this Court holds that the Defendant's motion to dismiss is not well taken and should be denied. In so holding, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The facts relating to the instant motion are not in dispute. September 18, 1990 was the deadline for filing § 523 complaints in the Debtor's chapter 7 case pursuant to Rule 4007(c), Federal Rules of Bankruptcy Procedure. On September 18, 1990 Sandra K. Curtain, attorney for American Express, filed a complaint to determine dischargeability of debt, and in conjunction therewith, filed her Application to Appear Pro Hac Vice. An order was entered on September 26, 1990 allowing Ms. Curtain to appear pro hac vice in this matter.

In response to the complaint, the Debtor's attorney, Eugene Berry, filed a "Motion To Dismiss And Answer" on October 17, 1990, asserting that since Ms. Curtain was not admitted to practice law before this Court at the time the complaint was filed and did not become authorized to practice law before this Court prior to expiration of the § 523 deadline, that the filing of the complaint was ineffective, constituted the unauthorized practice of law, was void, and that based on the foregoing, the complaint should be dismissed.

On November 5, 1990, American Express filed its Answer to Defendant's Motion to Dismiss stating that the order admitting Ms. Curtain should be deemed granted the day the complaint was filed; and assuming arguendo Ms. Curtain was not admitted on the day the complaint was filed, no prejudice would occur to the Debtor by allowing the complaint to stand. Eileen Bailey, who is admitted to practice in this district, was substituted as counsel for American Express on March 2, 1991. Both parties submitted memorandum briefs in support of their respective positions.

### CONCLUSIONS OF LAW

█ The Debtor's position is based on the premise that the practice of law is limited to those who have been admitted to the bar and who are lawfully licensed to practice law. Any proceeding in a legal action by a person not entitled to practice is a nullity, and such action is subject to dismissal. In support of this premise the Debtor cites several authorities. A brief discussion of all but one of those cases follows, although none are directly on point.

*Colton v. Oshrin*, 155 Misc. 383, 278 N.Y.S. 146 (1934) involved a motion by the plaintiff for a mistrial where the attorney for the defendant, who had participated in the trial, was not an attorney authorized to practice before the court. Relying on a state penal statute regarding the unauthorized practice of law, the court granted the motion for mistrial. Likewise, *Bennie v. Triangle Ranch Co.*, 73 Colo. 586, 216 P. 718 (1923) involved an appeal from a judgment in favor of the plaintiff where the individual acting as attorney for the plaintiff at trial was not authorized to practice law in Colorado. In this case the court held that the judgment was void. Finally, before the court on writ of certiorari, the

Arkansas Supreme Court held in *McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973) that the trial court has broad discretion in deciding who may appear before it, and a decision allowing an out of state attorney from Memphis, Tennessee to appear at trial on behalf of the plaintiff was not an abuse of discretion. All of the above cases appear in a footnote at 7 C.J.S. *Attorney and Client* § 31 (1955) for their broad language regarding the unlawful practice of law.

In support of its position, American Express submits that the Complaint to Determine Dischargeability was signed by a licensed attorney, although not admitted to practice in the Southern District of Mississippi; no local rule requires that pleadings be signed by a local attorney; and denial of the Application To Appear Pro Hac Vice would have been in violation of the United States Constitution.

The Court has located only one case deciding whether the timely submission to the court clerk of a § 523 or § 727 complaint, along with an application to appear pro hac vice, is rendered untimely by the fact that the order granting permission to appear pro hac vice is not entered until after the Rule 4007(c) deadline. In *Evans v. Pace (In re Evans)*, 130 B.R. 338 (Bankr. N.D.Fla.1991), a pleading entitled "Objection To Discharge" and a petition to appear pro hac vice were submitted to the clerk for filing on the last day for filing § 523 and § 727 complaints. The court held that where the local practice was to delay stamping a pleading until the order admitting the petition to appear pro hac vice was granted, and where the order granting permission to appear pro hac vice was not entered until after the bar date for filing § 523 and § 727 complaints, that the filing was not untimely for bar date purposes.

Although not factually on point, there is additional recent authority which holds that a technical defect in a complaint to determine dischargeability under § 523 will not render the complaint ineffective for filing deadline purposes. "A complaint objecting to dischargeability of debt is timely filed as the date it is file-stamped by the clerk's office, even though the filing is defective and the processing of the defective complaint occurs after the expiration of the bar date." *Federal Deposit Insurance Corporation v. Brenesell (In re Brenesell)*, 109 B.R. 412, 416 (Bankr.D.Haw.1989).

While recognizing that courts have no discretion to extend the time for filing § 523 and § 727 complaints once the deadline has passed, the court also recognized in *Re/Max Properties, Inc. v. Barnes (In re Barnes)*, 96 B.R. 833 (Bankr.N.D.Ill. 1989) that a defective complaint, which is later remedied after the Rule 4007(c) deadline has passed, is not necessarily an ineffective filing for bar date purposes, stating:

> On the other hand, procedural errors in filing the complaint do not result in dismissal of the complaint, provided the objection was received by the court before the Rule 4007(c) deadline. This is so even though process was not served by that deadline. In short, where some form of timely filing was made, creditors have been allowed to correct procedural errors after the Rule 4007(c) cut-off date.

*Id.* at 838 (citations omitted).

In addition, the bankruptcy court held in *Cosper v. Frederick*, 73 B.R. 636 (Bankr. N.D.Fla.1986) that a complaint to determine dischargeability of debt was deemed filed as of the date that it was submitted to the clerk, although it contained certain procedural defects, and the defects were remedied promptly thereafter.

 Finally, there is authority which supports the proposition that the "[d]istrict courts are granted broad discretion to determine who shall practice before them in each particular case and to monitor their conduct." *United States of America v. State of Louisiana*, 751 F.Supp. 608 (E.D.La.1990). Of course, such discretion extends to the bankruptcy court as well. *See D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31 (6th Cir.1984). Rule 2 of the Uniform Local Bankruptcy Rules for the Northern and Southern Districts of Mississippi and Rule 1 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of

Mississippi regulate the admission and conduct of attorneys. The Rules do not contain any specific requirements as to whether a pleading must be signed by an attorney admitted to practice before the court in which the action is pending before the filing will be deemed effective. Therefore, the admission of attorneys to practice before this Court rests within the discretion of the Court.

The complaint filed by American Express in this action was received by the clerk prior to expiration of the bar date. Even if the complaint is considered to be defective as a result of it being filed prior to entry of the order granting permission to appear pro hac vice, then any such defect should be deemed a technical defect, which does not affect the timeliness of the complaint. Therefore, this Court is of the opinion that the debtor's motion to dismiss is not well taken and should be denied.

A separate order consistent with this opinion will be entered.

### ORDER

Consistent with the opinion dated contemporaneously herewith, it is hereby ordered and adjudged that the motion of the Defendant, Jimmy Ray Chandler, to dismiss the Complaint to Determine Dischargeability filed by American Express Travel Related Services Co., Inc. is denied.

ORDERED AND ADJUDGED.