OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
Landlord commenced this commercial nonpayment proceeding seeking to recover possession and $4,510 in rental arrears. The proceeding was adjourned three times, twice at tenant’s request. The final adjournment was granted to provide tenant an additional opportunity to obtain counsel. Despite the three adjournments and having apparently obtained an attorney, tenant nonetheless appeared pro se through its principal at the hearing. Tenant’s principal sought a fourth adjournment because she had no counsel, which was denied. Tenant’s principal also asked to be represented by a friend who had her “power of attorney,” but who was not an attorney. The Justice Court allowed the friend to assist tenant.
At the hearing, tenant’s principal did not dispute that the rent sought had not been paid, but instead argued that landlord had breached the lease. The court informed tenant’s principal that it would not hear any breach of contract claims in this summary proceeding, but that tenant could raise such claims in another forum.
During the presentation of its case, landlord attempted to call tenant’s principal as a witness, but she refused to testify on the *27 ground that she had no attorney. Tenant’s principal failed to put forth any evidence.
After the hearing, the court awarded a final judgment to landlord, noting that tenant had admitted the allegations in the petition and had offered no defense.
Tenant argues on appeal, among other things, that the Justice Court wrongly refused to hear tenant’s defenses or grant a stay to afford tenant the opportunity to seek to remove the proceeding to Supreme Court and wrongly barred tenant’s principal’s friend from participating in the hearing.
We affirm.
In the absence of a clear intention to the contrary, a commercial tenant’s obligation to pay rent is independent of the landlord’s obligation to make repairs or provide essential services (see e.g. Thomson-Houston Elec. Co. of N.Y. v Durant Land Improvement Co., 144 NY 34, 44 [1894]; Westchester County Indus. Dev. Agency v Morris Indus. Bldrs., 278 AD2d 232 [2000]; 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 18:31 [4th ed]). Tenant never alleged that the parties had intended to the contrary, and so tenant’s duty to pay rent continued despite landlord’s alleged breaches of the lease (see e.g. Barile v Cartwright Tents & Party Rentals, Inc., 4 Misc 3d 134[A], 2004 NY Slip Op 50762[U] [App Term, 9th & 10th Jud Dists 2004]). Consequently, the “defenses” referred to by tenant were in the nature of counterclaims. Since they were not so intertwined with landlord’s claim for rent as to require that they be disposed of in one proceeding, the court did not improvidently exercise its discretion in declining to allow tenant to interpose them in this proceeding. In any event, as the Justice Court informed tenant’s principal at the hearing, tenant is free to raise such claims in another forum.
Moreover, the Justice Court explicitly told tenant’s principal that she could raise any defenses that tenant had to the nonpayment claim, including, for example, a claim that tenant had paid the rent sought. Tenant’s principal nonetheless refused to testify, did not present any witnesses and did not fully participate in the hearing on the ground that her attorney was not present. However, tenant had been given ample time to retain an attorney prior to the hearing and, in fact, had retained an attorney who chose not to appear at the hearing. The Justice Court did not improvidently exercise its discretion in refusing to grant tenant yet another adjournment (see e.g. Davidson v Davidson, 54 AD3d 988 [2008]; Boltz v Ascolesi, 16 Misc 3d *28 133[A], 2007 NY Slip Op 51499[U] [App Term, 2d & 11th Jud Dists 2007]). We find that tenant had a full and fair opportunity to establish any legitimate affirmative defenses to the nonpayment proceeding in the hearing, but failed to do so.
Tenant’s argument regarding allowing the friend who had tenant’s principal’s “power of attorney” to represent tenant at the hearing is also unavailing. “A person not licensed to practice law in the State of New York pursuant to the Judiciary Law may not appear pro se in court on behalf of a litigant as an attorney-in-fact pursuant to a power of attorney,” as that constitutes the unauthorized practice of law (Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370 [2004]). In any event, the record shows that the court allowed the friend to assist tenant, but tenant refused to proceed.
Tenant’s remaining contentions on appeal are equally merit-less. Accordingly, the final judgment is affirmed.
Rudolph, EJ., Scheinkman and LaCava, JJ., concur.