OPINION OF THE COURT
Sabrina B. Kraus, J.
Background
This summary nonpayment proceeding was commenced by Parkchester Preservation Company, LP (petitioner) and sought to recover possession of apartment 5B at 24 Metropolitan Oval, Bronx, New York 10462 (subject premises) based on the allegation that James Feldeine (respondent), the rent-stabilized tenant of record, had breached the terms of his lease agreement by failing to pay rent due.
Procedural Histoiy
Petitioner issued a rent demand on August 22, 2000, seeking arrears for July and August 2000 at a rent of $684.42 per month, plus $990.72 due “for periods prior to July 1, 1998.” The demand was served by a process server who delivered the paper to “Mrs. Feldeine” described to be a female with black skin and hair, aged 36-50, weight 131-160, on August 23, 2000.
The petition issued September 20, 2000, and was served on September 25, 2000, by personal delivery to Sandra Lynn, whose description was identical to the description of “Mrs. Feldeine” in the affidavit for the demand. On September 26, 2000, Sandra Lynn filed an answer asserting a general denial, on her own behalf. The case was originally returnable in Part B on October 11, 2000. The court file indicates that the proceeding was adjourned to October 18, 2000.
On October 18, 2000, Lynn appeared in court. She filed with the court a handwritten letter that read as follows:
“To Whom It May Concern, I James Feldeine, primary tenant of 24 Metropolitan Oval No. 5B, grant permission to Sandra Lynn to handle matters concerning monies such as rent and Lease circumstances. Ms Lynn sublets a room in the apartment and her father, recently deceased also subleted apt with her.”
It is signed James Feldeine and has a notary stamp from Gray-son Walker in Westchester County. The notary put the date as October 17, 2000.
*861 Petitioner’s attorney and Lynn entered into a stipulation of settlement. The stipulation provided:
“Respondent appears pro se by Sandra Lynn who produced a notorized letter authorizing her to appear on respondent’s behalf.
“Petition amended thru 10/31/00. Respondent consents to a final judgment in the sum of $2738.02 representing rent due through 10/31/00. Issuance of the warrant forthwith. Execution of the warrant is stayed to 11/18/00 for $2738.02.
“Any and all payments received will 1st be credited to current rent.
“No tenancy rights given to anyone other than respondent.
“Landlord does not consent to any orders to show cause because notorized letter produced in court today states apt being sublet to Sandra Lynn and her father.
“Respondent agrees to pay $106.32 tenant induced repair charges by 11/30/00.”
The stipulation was so-ordered by the court. Pursuant to the stipulation, Lynn agreed to the entry of a judgment against respondent in the amount of $2,738.02, and the warrant of eviction issued on November 1, 2000.
Nothing else occurred in this proceeding until nearly 10 years later. The judge who so-ordered the stipulation of settlement has since retired.
On September 24, 2010, respondent, appeared through counsel for the first time in this case, and moved by order to show cause for an order vacating the “default” judgment, dismissing the “complaint” allowing him to interpose an answer, and directing that money paid to petitioner be returned. The moving papers are styled for a plenary action in Civil Court, rather than a nonpayment proceeding in housing court, and the order to show cause was signed by Judge Barbato of the Civil Court and made returnable in Civil Court.
The motion was adjourned from September 24, 2010 to October 6, 2010, pursuant to stipulation. Counsel for respondent made the motion, without the benefit of having reviewed the file, which was in storage at the time the motion was made. Respondent asserted that he had not been served with any papers, but had received a garnishment notice. The notice of garnishment is dated July 27, 2010, and provided for an income *862 execution in the amount of $5,415.30 representing the original judgment amount plus interest and costs.
Respondent stated that he is a retired police officer, and that he did not owe the sum to petitioner. Respondent stated that he vacated the subject premises on or about April 25, 1998 owing no arrears.
Petitioner filed written opposition asserting that the judgment was entered into pursuant to a stipulation with Lynn and the letter authorizing her to appear on respondent’s behalf, and that the sum was never paid. Petitioner further asserted that respondent offered no defense to the nonpayment of said sum, and no explanation as to why he had waited 10 years to seek to vacate the judgment.
Respondent’s reply papers asserted that the letter provided by Lynn was not a power of attorney, and did not authorize Lynn to appear for him in court or to sign any agreement for him. Respondent asserted that Lynn was not his attorney, that he had no idea that legal proceedings were pending against him, and that if he did he would have attended to them through an attorney not through a layperson. Respondent argues that a notarized letter is insufficient to grant anyone the ability to act, and annexes as an exhibit a blank power of attorney. Respondent argues that the stipulation so ordered by the court and executed by the parties is null and void.
The motion was adjourned to October 6, 2010, pursuant to a stipulation between counsel, and adjourned again to November 17, 2010. On November 17, 2010, respondent’s counsel failed to appear in court, and the motion was denied by Judge Raul Cruz of the Civil Court.
Counsel for respondent moved for relief, a second time, by order to show cause in December 2010. The relief sought was identical to the relief sought in the first order to show cause. The motion was signed by Judge Fernando Tapia of the Civil Court, and made returnable on December 17, 2010 in Civil Court, before Judge Raul Cruz.
The motion was marked submitted, but was referred by Judge Cruz to Honorable Laura G. Douglas, the Supervising Judge of Civil Court, Bronx County, because the underlying proceeding was a housing court proceeding not a Civil Court action. Judge Douglas referred the matter to the Honorable Jay a K. Madhaven, Supervising Judge of Bronx County Housing Court. Judge Madhaven issued an order on January 7, 2011 placing *863 the proceeding and motion on the Part B Calendar in housing court on January 24, 2011 for determination of the pending motion and all purposes.
On January 24, 2011, the parties appeared, the court heard argument, and reserved decision.
In petitioner’s opposition papers, the petitioner argues that it is common practice in housing court to allow one person to appear on behalf of another with a notarized letter, and that respondent had never denied the authenticity of the letter. Petitioner argues that “[t]he court routinely accepts notarized letters allowing an individual to appear on a tenant’s behalf during a tenant’s absence.” Petitioner argues that respondent gave the letter for the express purpose of having it used in the housing court proceeding, and that there is no legal basis to vacate the judgment entered.
Discussion
CPLR 321 (a) provides in pertinent part “A party . . . may prosecute or defend a civil action in person or by attorney.” Section 478 of the Judiciary Law provides in pertinent part “It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself in a court of record in this state.”
These two statutes require that a tenant sued in a summary proceeding must either appear in person or hire an attorney to appear. There is no other legal option applicable to the facts before this court. Despite these proscriptions, petitioner is correct that it is quite common for people other than the named respondents to appear in a summary proceeding, and to assert that they have authority to enter into a stipulation on behalf of a nonappearing respondent. Sometimes the authority is simply asserted as a representation in the stipulation; other times, the authority is purportedly based on a letter from the nonappearing respondent, as in the case at bar, or the authority is asserted to be based on a power of attorney.
Some judges, such as the Judge in the case at bar, allow such appearances and will so-order stipulations based on the authority alleged, other judges will not permit anyone other than an attorney or guardian ad litem to appear on behalf of a party.
There is no applicable exception that would allow a layperson to appear on behalf of a party in a summary proceeding.
*864 “[T]he Court of Appeals has held that the practice of law in this State, including the giving of legal advice and counsel as well as appearing in courts, is forbidden to all but duly licensed New York attorneys. Applicable to both laymen and to lawyers from other jurisdictions, this prohibition is intended to protect citizens ‘against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work’ and, thus, clearly disqualifies petitioner from appearing as counsel for anyone other than himself in any court of this state, be it a court of record or not.” (Jemzura v McCue, 45 AD2d 797 [1974], lv dismissed 37 NY2d 750 [3d Dept 1975] [citations omitted; emphasis added].)
Even where the parties are closely related and united in interest the proscription still applies. (Blunt v Northern Oneida County Landfill [NOCO], 145 AD2d 913 [4th Dept 1988] [trial court erred in permitting husband to appear on wife’s behalf because husband was not an attorney]; M & H Weintraub v Huberman, 17 Misc 3d 131 [A], 2007 NY Slip Op 51991[U] [daughter who is not an attorney may not appear on behalf of her father]; In re Sudano, Inc., 391 BR 678 [2008] [son may not appear with attorney-in-fact on behalf of his mother].)
This prohibition must be enforced by the courts, even where the person appearing for the party has a duly executed power of attorney. For example in a commercial nonpayment proceeding the Appellate Term held that appearance for a pro se individuad by a person with power of attorney was not allowed (91 E. Main St. Realty Corp. v Angelic Creations by Lucia, 24 Misc 3d 25 [2009]; see also Matter of Stokes v Village of Wurtsboro, 123 Misc 2d 694 [1984] [power of attorney did not give nonattorney authority to appear in court on behalf of his principal]).
Similarly, the court in In re Sudano, Inc. (391 BR 678 [2008]) held that while a person may appear pro se, a layperson may not appear on behalf of a party. The court held that this was true, under New York law, whether or not a power of attorney had been executed in favor of the layperson. The court held “It is well settled in both the federal and New York State courts that a power of attorney may not be construed to evade prohibitions against the unauthorized practice of law” (id. at 687).
In Whitehead v Town House Equities, Ltd. (8 AD3d 369 [2004]), the Appellate Division, Second Department held
*865 “(a) person not licensed to practice law in the State of New York pursuant to the Judiciary Law may not appear pro se in court on behalf of a litigant as an attorney-in-fact pursuant to a power of attorney. A person who does so has unlawfully engaged in the unauthorized practice of law” (id. at 370).
The Court held that the provisions of the General Obligations Law which give an attorney-in-fact powers related to litigation only apply to the “decision to prosecute or defend, not to representation” (id.).
Given that the above-referenced authority clearly prohibits a layperson from appearing in a summary proceeding on behalf of another party, even where there is a properly executed power of attorney, it is clear that the letter relied upon in this proceeding by the court and the parties purporting to authorize Lynn to enter a stipulation binding respondent and consenting to the entry of a money judgment against respondent was contrary to law, and that the stipulation and judgment must be vacated.
Petitioner argues that this result is unjust. Petitioner argues that it relied upon the stipulation’s validity to its detriment, and that now the statute of limitations is passed and respondent is no longer subject to suit for the debt. Petitioner argues that respondent does not deny executing the letter, and that respondent intended for the court and the parties to rely on it. Petitioner argues that given the court’s approval of the stipulation at the time the stipulation was executed, petitioner is entitled to enforce the provisions of the stipulation.
None of the foregoing arguments warrant a different result. In Newburger v Campbell (9 Daly 102 [1880]), an appellate court held that where during the course of a trial, the court learned that the person appearing on behalf of a party was not a lawyer, and the court allowed the trial to proceed, the judgment rendered was void. In reversing the judgment for the plaintiffs, the court held
“As it is declared by [statute] to be a misdemeanor for the judge to knowingly permit to practice in his court a person not regularly admitted to practice, we are of the opinion that his judgment, rendered in a cause so conducted in violation of law, is void and must be reversed” (id. at 103).
In another case, a court explained why the equitable claims raised by petitioner herein may not be accorded any weight. The court held:
*866 “it would be subversive of the correct administration of justice and of our courts to permit unauthorized persons to practice law as attorneys therein. It is therefore, not a matter of penalizing any one . . . but, rather, a matter of vindicating the dignity of the court and of an honorable profession that the • rule has been established that all proceedings participated in by such an unauthorized person are rendered nugatory and ineffectual. In this view therefore, actual prejudice to any party need not be shown, but is conclusively presumed.” (Colton v Oshrin, 155 Misc 383, 384 [1934].)
In the case at bar, Lynn as an occupant of the subject premises had the right to appear pro se only on behalf of herself. Her appearance on behalf of respondent was contrary to law, as was the stipulation wherein she consented to the entry of a judgment against respondent.
Based on the foregoing, respondent’s motion is granted. The stipulation and judgment are vacated and the proceeding is dismissed.