Samson Management, LLC, Respondent,
against
Paul Cordero, Appellant, and Eblyn Cordero, Defendant.




Paul Cordero, appellant pro se.
Robert E. Judge, P.C. (Robert E. Judge and Richard Muller of counsel), for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Michael A. Martinelli, J.), entered September 21, 2017. The order denied a motion by defendant Paul Cordero to vacate a stipulation of settlement and, in effect, so much of a judgment of that court entered January 26, 2017, pursuant to the stipulation, as was against him, and to dismiss the complaint.




ORDERED that the order is modified by providing that the branch of defendant Paul Cordero's motion seeking to vacate the stipulation of settlement and, in effect, so much of the judgment as was against him is granted; as so modified, the order is affirmed, without costs, and the matter is remitted to the City Court for further proceedings. 
In 2012, plaintiff commenced this action to recover unpaid monthly rent of $915.18 for the period from October 2010 through May 2011 and parking fees allegedly owed by defendants, who had leased an apartment from plaintiff. On January 14, 2013, defendant Paul Cordero (appellant) and plaintiff entered into a stipulation of settlement in which Paul Cordero agreed to make certain specified monthly payments.[FN1]
Upon appellant's failure to make the required payments, a judgment was entered on January 26, 2017, pursuant to the stipulation, awarding [*2]plaintiff the sum of $10,810.64 as against both defendants. Thereafter, appellant moved to vacate the stipulation of settlement and, in effect, so much of the judgment as was against him, and to dismiss the complaint, alleging, among other things, that plaintiff had overcharged him for rent. By order dated September 21, 2017, the City Court denied the motion. 

While a stipulation of settlement is essentially a contract and will not be lightly set aside absent proof that the stipulation was tainted by fraud, collusion, mistake or other ground sufficient to invalidate a contract (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Matter of Frutiger, 29 NY2d 143, 149-150 [1971]), courts possess the discretionary authority to relieve parties from the consequences of a stipulation "if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it" (Matter of Frutiger, 29 NY2d at 150 [internal quotation marks and citation omitted]; accord 1420 Concourse Corp. v Cruz, 135 AD2d 371, 373 [1987]; see Weitz v Murphy, 241 AD2d 547, 548 [1997]; Park Props. Assoc., L.P. v Williams, 38 Misc 3d 35, 37 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).

Upon a review of the record, we find that the stipulation was entered into inadvisedly, as appellant submitted documentary evidence showing prima facie that the rent agreed to in the stipulation was an illegal rent, and plaintiff's opposition papers failed to rebut this showing (see 443-445 Jefferson Ave., LLC v Severin, 55 Misc 3d 140[A], 2017 NY Slip Op 50565[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 2701 Grand Assn. LLC v Morel, 50 Misc 3d 139[A], 2016 NY Slip Op 50163[U] [App Term, 1st Dept 2016]; Clermont York Assoc. LLC v Zgodny, 42 Misc 3d 143[A], 2014 NY Slip Op 50257[U] [App Term, 1st Dept 2014]). This evidence indicates that plaintiff filed an annual rent registration statement in 2007 but did not file any statements during the years from 2008 to 2011. A landlord's failure to file a proper and timely annual rent registration statement results in the rent being frozen at the level of the legal regulated rent listed in the last preceding registration statement and, therefore, bars the landlord from collecting any rent in excess of that legal regulated rent until a proper registration is filed (see Emergency Tenant Protection Regulations [9 NYCRR] § 2509.3 [a]; Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 683-684 [2011]; Jazilek v Abart Holdings, LLC, 72 AD3d 529, 531 [2010]; 125 Ct. St., LLC v Sher, 58 Misc 3d 150[A], 2018 NY Slip Op 50092[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Thus, plaintiff was prohibited from charging any rent in excess of the legal regulated rent in 2007, which was $798.40 per month, until at least some time after 2011. Plaintiff, however, charged a monthly rent of $915.18 in 2010 and sought rent arrears based thereon. Under these circumstances, we exercise our discretion to grant the branch of appellant's motion seeking to vacate the stipulation and, in effect, so much of the judgment entered pursuant thereto as was against him (see 443-445 Jefferson Ave., LLC v Severin, 55 Misc 3d 140[A], 2017 NY Slip Op 50565[U]; 270 Glenmore Ave., LLC v Blondet, 55 Misc 3d 133[A], 2017 NY Slip Op 50437[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 2701 Grand Assn. LLC v Morel, 50 Misc 3d 139[A], 2016 NY Slip Op 50163[U]; Clermont York Assoc. LLC v Zgodny, 42 Misc 3d 143[A], 2014 NY Slip Op 50257[U]; 600 Hylan Assoc. v Polshak, 17 Misc 3d 134[A], 2007 NY Slip Op 52225[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). We note that, while only appellant moved for relief from the judgment, since the stipulation underlying the judgment has been vacated, the judgment, insofar as it is entered against defendant Eblyn Cordero, is without any basis.

Neither appellant's rent overcharge claim nor his remaining claim provides a valid basis to grant the branch of appellant's motion seeking to dismiss the complaint. 

Accordingly, the order is modified by providing that the branch of defendant Paul Cordero's motion seeking to vacate the stipulation of settlement and, in effect, so much of the judgment as was against him is granted. 

TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 13, 2018



Footnotes

Footnote 1:Although appellant purported to enter into the stipulation on behalf of defendant Eblyn Cordero, as well as himself, a lay person, such as appellant, cannot appear on behalf of a party (see 91 E. Main St. Realty Corp. v Angelic Creations by Lucia, 24 Misc 3d 25, 28 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).