HSBC Bank USA, N.A. v Bolkas (2025 NY Slip Op 06309)

HSBC Bank USA, N.A. v Bolkas

2025 NY Slip Op 06309

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-02966
 (Index No. 601909/15)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Maria Bolkas, et al., appellants, et al., defendant.

Ronald D. Weiss, P.C., Melville, NY, for appellants.
Gross Polowy LLC (Reed Smith LLP, New York, NY [Michael V. Margarella and Andrew B. Messite], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maria Bolkas and Emmanuel Papazoglou appeal from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated January 10, 2023. The order, insofar as appealed from, denied those defendants' motion, inter alia, pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (C. Randall Hinrichs, J.) entered June 12, 2018.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2015, the plaintiff commenced the instant action against the defendants Maria Bolkas and Emmanuel Papazoglou (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property located in Ronkonkoma. The defendants, represented by then-attorney Katerina N. Arvanitakis, interposed an answer. Thereafter, after obtaining summary judgment on the complaint insofar as asserted against the defendants and an order of reference, by notice of motion dated December 26, 2017, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The notice of motion reflected that it was served on Arvanitakis. The defendants did not oppose the motion. In an order and judgment of foreclosure and sale entered June 12, 2018, the Supreme Court granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
More than four years later, on July 12, 2022, the defendants moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale. The defendants alleged that Arvanitakis had been disbarred from the practice of law by opinion and order of this Court dated December 27, 2017, with the disbarment effective May 17, 2017 (see Matter of Arvanitakis, 157 AD3d 64), and that the plaintiff had deceived the defendants into not defending the action by improperly serving the notice of motion to confirm the referee's report and for a judgment of foreclosure and sale on Arvanitakis. The defendants further alleged that the plaintiff was aware as of March 27, 2018, that the defendants had retained new counsel. In an order dated January 10, 2023, the Supreme Court, among other things, denied the defendants' motion. The defendants appeal.
The Supreme Court properly denied the defendants' motion. Under the circumstances of this case, the defendants failed to move for relief pursuant to CPLR 5015(a)(3) within a reasonable time after entry of the order and judgment of foreclosure and sale (see U.S. Bank N.A. v Swanson, 189 AD3d 1642, 1643; P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1031, 1031; Bank of N.Y. v Stradford, 55 AD3d 765).
Moreover, the defendants failed to demonstrate their entitlement to relief. Where, as here, a defendant alleges extrinsic fraud, the defendant must "demonstrate some device, trick, or deceit that led it to believe that it need not defend the suit" (LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945, citing Empire State Conglomerates v Mahbur, 105 AD3d 898, 899; see HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797). Here, the defendants failed to demonstrate some device, trick, or deceit, as the defendants failed to demonstrate that the plaintiff was aware of Arvanitakis's disbarment when it served the notice of motion to confirm the referee's report and for a judgment of foreclosure and sale (see Dunn v Eickhoff, 43 AD2d 580, 580).
The defendants' remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court